137 N.J. Super. 83 (1975)
347 A.2d 813
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM ABERNATHY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 5, 1975.
Decided November 17, 1975.
*85 Before Judges HALPERN, CRANE and MICHELS.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Ms. Randall W. Westreich, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Lois De Julio, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant appeals from a judgment of conviction, entered on a jury verdict, finding him guilty of simple assault and battery and assault with a dangerous *86 weapon. On this appeal he presents four issues which he asserts require a reversal. We disagree and affirm.
The uncontradicted proofs presented by the State (defendant did not testify) warranted the jury's finding the following facts: On February 18, 1974 defendant, while in a drunken condition at his parents' home, threatened bodily harm to his sister with a six-inch-long pair of scissors, causing her to take refuge in the bathroom. Subsequently, defendant's mother called the police to get him out of the house. After the police arrived defendant lunged at his sister and stabbed or cut her with the scissors. She was treated for a puncture wound at a hospital and released.

I
Defendant contends his motion for a mistrial should have been granted. He argues he had not been informed that five of the jurors on the panel who convicted him had been part of a prior panel, in a case tried by the same assistant prosecutor, who had convicted another defendant for atrocious assault and battery. He asserts this infringed his right to peremptorily challenge these five jurors under R. 1:8-3(d) and N.J.S.A. 2A:78-7.
We see no merit to the contention. Motions for a mistrial are directed to the sound discretion of the trial judge, and will not be upset absent showing of a mistaken or arbitrary exercise of that discretion which results in manifest injustice. State v. Di Rienzo, 53 N.J. 360, 383 (1969); State v. Witte, 13 N.J. 598, 611 (1953), cert. den. 347 U.S. 951, 74 S.Ct. 675, 98 L.Ed. 1097 reh. den. 347 U S. 994, 74 S.Ct. 849, 98 L.Ed. 1127 (1954). We know of no sound reason why petit jurors selected to serve for a stated period of time should not be permitted to sit on whatever unrelated cases are presented to them, even though the same attorneys, state or defense, may be involved. Casias v. United States, 315 F.2d 614 (10 Cir.1963), cert. den. 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065 (1963). *87 If defense counsel feels a juror may be unfavorable to his client because of his prior service, following voir dire questioning, he may challenge him peremptorily. If the juror indicates prejudice, he may be challenged for cause. The State is under no obligation, even if it happens to know of a juror's prior service, to inform defense counsel of that fact. The views herein enunciated were ably expressed in Haussener v. United States, 4 F.2d 884, 886 (8 Cir.1925) thusly:
The situation thus presented is novel and anomalous, and it is too plain for argument that no such procedure ought to be held reversible error, unless in the presence of an examination which shows that the attitude of the jurors is such as to preclude a fair and impartial trial, beyond cavil or question. This is so, because in the very nature of the situation practically all prosecutions for violations of the Volstead Act (Comp. St. Ann. Supp. 1923, §§ 10138 1/4 et seq.) must be bottomed upon the testimony of prohibition agents. If, when one case has been tried, the entire panel of jurors sitting therein is disqualified from sitting as jurors in every other case of a similar sort, trial courts will be so far impeded in the transaction of their business as to make the enforcement of this act difficult, if not impossible. Such practice as was here resorted to, should be discouraged.

II
During the prosecutor's summation he referred to and compared facts in a prior case, in which the five jurors served, with the instant case. Defendant claims such reference was prejudicial. In addition, he asserts that reversible error was committed when (a) the prosecutor sought to curry favor with the jury by thanking them for their service, (b) in characterizing the scissors as a deadly weapon and (c) telling the jury that intoxication was not a defense to these charges.
We do not approve of the prosecutor's comments, or his statement as to the law of the case which is the trial judge's function. In fact, we disapprove his actions as uncalled for and in derogation of the conduct expected of a public prosecutor in the trial of a criminal case. However, we are unable to say that these comments possessed a clear capacity to prejudice defendant and taint the verdict, as was *88 the case in State v. Johnson, 65 N.J. 388 (1974), and State v. Spano, 64 N.J. 566 (1974).
Our view is reinforced by the fact that objections to the prosecutor's comments were immediately sustained and a curative charge given by the trial judge to the jury. State v. Vazorich, 13 N.J. 99, 118-119 (1953); State v. Leak, 128 N.J. Super. 212, 216 (App. Div. 1974), certif. den. 65 N.J. 565 (1974). In any event, the proof of guilt was so overwhelming that the error, if any, was harmless beyond a reasonable doubt. State v. La Porte, 62 N.J. 312, 320 (1973).

III
Defendant contends his conviction for simple assault and battery merged with his conviction for assault with a dangerous weapon. This contention lacks substance. The assault with a dangerous weapon occurred when defendant threatened his sister with the scissors and she sought refuge in the bathroom. The simple assault and battery occurred when he actually cut or stabbed her with the scissors. These events were separated by a considerable amount of time, consisted of separate acts and, therefore, did not merge. See State v. Brown, 132 N.J. Super. 180, 185 (App. Div. 1975).

IV
Nor is there merit to defendant's contention that he was entitled to receive credit for 108 days spent in confinement prior to being sentenced for the instant crimes. We are in accord with Judge O'Brien's determination that he was only entitled to 26 days credit which he received.
Affirmed.