202 N.J. Super. 434 (1985)
495 A.2d 431
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CRAIG PEREIRA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 3, 1985.
Decided June 27, 1985.
*436 Before Judges O'BRIEN and GAYNOR.
Anschelewitz, Barr, Ansell & Bonello, attorneys for appellant (Charles M. Moriarty, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
Defendant appeals from his conviction on multiple counts of possession and possession with intent to distribute controlled dangerous substances. We reverse and remand.
Defendant was charged with possession of more than 25 grams of marijuana and over five grams of hashish in violation of N.J.S.A. 24:21-20a(4) in counts one and three of a multicount indictment. In counts two, four, five and six, he was charged with possession of over 25 grams of marijuana, over five grams of hashish and cocaine with intent to distribute in violation of N.J.S.A. 24:21-19a(1). The sixth count was dismissed on the prosecutor's motion, and defendant was convicted on the remaining five counts. On counts one, two, three and four, he was sentenced to a concurrent term of five years with a two and one-half year period of parole ineligibility. On count five he was sentenced to a concurrent eight-year term with a two and one-half year period of parole ineligibility. Defendant filed a notice of appeal and was ultimately admitted to bail pending appeal.
Defendant raises the following appellate arguments:
POINT I: THE TRIAL JUDGE ERRED BY INSTRUCTING THE JURY OF THE POTENTIAL FINE AND PERIOD OF INCARCERATION FOR THE CRIME OF POSSESSION OF MORE THAN 5 GRAMS OF HASHISH.

*437 POINT II: THE DEFENDANT WAS DENIED THE RIGHT OF PEREMPTORY CHALLENGE.
POINT III: THE DEFENSE WAS PREJUDICED BY THE FAILURE OF THE STATE TO GIVE NOTICE OF EXPERT WITNESSES AND TESTIMONY.
POINT IV: THE SENTENCE IMPOSED UPON THE DEFENDANT WAS EXCESSIVE AND CONSTITUTED AN ABUSE OF DISCRETION BY THE TRIAL COURT.
We agree that defendant's conviction must be reversed and remanded under Point II of defendant's argument. During jury selection which took place on February 29, 1984, a prospective juror revealed that he had served on jury "last June" in a civil case. The trial judge elicited from the venireman that his prior service would not affect his judgment in this case and that he knew of no reason why he could not sit and render a fair and impartial verdict based upon the evidence and the law as given to him by the court. Thereafter, counsel for defendant challenged the venireman for cause "because he sat as a juror within the past 12 months." The trial judge summarily disposed of the challenge with, "I'm going to deny your request." Counsel then exercised a peremptory challenge to excuse the venireman. Defendant used all of his peremptory challenges, but advised the court that the jury was not satisfactory to defendant and stated:
I just want to place on the record that, had I additional challenges, I might have excused them but for 
THE COURT: Limitations of the law.
MR. FURLONG: Thank you, Your Honor.
N.J.S.A. 2A:69-4 provides:
Any person who has served as a grand or petit juror or as a struck juror shall be ineligible to serve either as a grand or petit or struck juror for 1 year thereafter.
N.J.S.A. 2A:78-6 provides, in pertinent part:
It shall be good cause of challenge to any person summoned ... as a petit juror on the trial of any action of a civil or criminal nature in any of the courts of this state, ... that he has served as a petit juror within the preceding year. Such person shall be discharged upon such challenge being verified according to law or on his own oath in support thereof.
*438 The State concedes that the trial judge committed error in summarily denying defendant's challenge for cause. By that concession we assume that the State agrees that the venireman's statement, "I served on a jury last June" sufficiently verified the challenge. However, the State argues that the error by the trial judge did not violate defendant's right to a fair trial, saying:
The evidence against defendant was overwhelming and there is no indication that the jury which deliberated and convicted defendant was in any way prejudiced against him or that the result would have been different had defense counsel another peremptory challenge available.
Thus, the State argues that it was harmless error. While it may be true that there is "no sound reason why petit jurors selected to serve for a stated period of time should not be permitted to sit on whatever unrelated cases are presented to them, even though the same attorneys, state or defense, may be involved," State v. Abernathy, 137 N.J. Super. 83, 86 (App. Div. 1975), certif. den. 69 N.J. 396 (1976), the Legislature has ordained that a petit juror shall be ineligible to serve for one year after a term of service. N.J.S.A. 2A:69-4. Further, the Legislature has made it a "good cause of challenge ... that he has served as a petit juror within the preceding year." N.J.S.A. 2A:78-6. In mandatory language such person is required to be discharged.
Furthermore, in this case, beyond the clear language of the statute, it is obvious that defendant lost one of the ten peremptory challenges to which he was entitled pursuant to N.J.S.A. 2A:78-7 and R. 1:8-3(d). He exercised one of his challenges to excuse the juror who should have been excused for cause and, having exercised all of his peremptory challenges, was obliged to accept a jury with which he was not satisfied. We have previously held that the denial of the right to a specified number of peremptory challenges is prejudicial per se. See State v. Hammond, 107 N.J. Super. 588, 589-590 (App.Div. 1969).
*439 While the wisdom of the statute rendering ineligible a person who has served as a petit juror within the preceding year may be open to question, courts may not ignore clear legislative enactments. The determination of ineligibility for a period of one year might be argued as being for the benefit of the juror and not for the defendant, but the language of N.J.S.A. 2A:78-6 clearly affords the parties a right to challenge for cause on that ground which challenge must be granted if it is verified. Under the circumstances presented here, where defendant was obliged to use a peremptory challenge to excuse a venireman whom he had a right to challenge for cause and to proceed to trial with an unsatisfactory jury, we have no alternative but to reverse his conviction and remand for a new trial.
Since reversal is mandated on the issue of the denial of defendant's challenge for cause, there is no necessity for us to address the other contentions advanced by defendant. Since a new trial is necessary, defendant is now aware of the State's intention to elicit opinion evidence from Detective Scimeca and Detective Sergeant Trengrove, so the question of the prior failure to give notice is now moot. Similarly, it is doubtful that a new jury will ask the same question which prompted the judge to refer to punishment. Nonetheless, we emphasize that the practice of informing a jury during the charge as to the punishment that may be anticipated in the event of conviction is not to be commended. See United States v. Cox, 696 F.2d 1294, 1298-1299 (11 Cir.1983), cert. den. ___ U.S. ___, 104 S.Ct. 99, 78 L.Ed.2d 104 (1983). It is the function of the jury to adjudge guilt and for the court to pronounce sentence. State v. Grillo, 11 N.J. 173, 189 (1952), cert. den. 345 U.S. 976, 73 S.Ct. 1123, 97 L.Ed. 1391 (1953). In view of the reversal, defendant's contention with regard to the sentence imposed is now moot.
Reversed and remanded. We do not retain jurisdiction.