212 N.J. Super. 102 (1986)
514 A.2d 63
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN MCNAMARA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 29, 1986.
Decided August 8, 1986.
*103 Before Judges GAYNOR and STERN.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Fredrick P. Niemann, designated counsel on the letter brief).
Appellant filed a supplemental brief, pro se.
W. Cary Edwards, Attorney General, attorney for respondent (Christopher G. Bubb, Deputy Attorney General, of counsel and on the letter brief; Abbie P. Maliniak, Deputy Attorney General, on the supplemental letter brief).
The opinion of the court was delivered by STERN, J.S.C. (temporarily assigned).
Defendant was indicted for burglary, contrary to N.J.S.A. 2C:18-2. The offense occurred on February 14, 1981, and the indictment was returned on June 18, 1981. Following trial by jury defendant was convicted and was subsequently sentenced to the custody of the Commissioner of Corrections for five *104 years and was ordered to serve two years thereon before parole eligibility. The sentence was made consecutive to a term defendant was serving at the time of sentencing. He was also fined $100 and ordered to pay $25 to the Violent Crimes Compensation Board.
In the brief filed by counsel on behalf of defendant he argues only that "the defendant's conviction should be reversed and the indictment dismissed because the defendant's right to a speedy trial was violated."
Our careful review of the record, as well as the lack of it, convinces us that this argument is clearly without merit. R. 2:11-3(e)(2). Defendant was arrested in February 1981 and indicted in June of that year. He was released on bail following his arrest. The docket entries indicate proceedings directed to forfeiture of bail and reactivation of an inactive case. Apparently, defendant did not appear for proceedings as a result of incarceration elsewhere. On May 4, 1984 a hearing was held at which time the motion judge denied several pretrial motions and indicated that there would be a hearing on the Jackson v. Denno issue.
The docket indicates that a Notice of Motion to Dismiss the Indictment was filed on July 5, 1984 and was denied on July 27, 1984 in the absence of an appearance by defendant. When trial commenced on October 31, 1984 a record was created with respect to the motion. Defendant indicated that he had filed a motion for dismissal "... for being unable to find witnesses. I didn't name the witnesses I was looking for. I didn't know what his name was...." Defendant indicated that his motion for dismissal was ".... due to the fact that I couldn't find a witness because of the great period of time that had elapsed." The trial judge heard the motion on the first day of trial because the defendant had been incarcerated at the time it was originally scheduled.
Defendant advised the court that following his arrest in February 1981 he was incarcerated in Rahway State Prison *105 from June 1981 until December 1981.[1] Defendant admitted that he was also incarcerated in Essex County in September and October 1982 and in Ocean County between July 25, 1983 and April 12, 1984. In April 1984 defendant was sentenced to concurrent terms of five years imprisonment and was serving the sentence in the Southern State Correctional Facility at the time the motion and trial were scheduled.
The fact that defendant is incarcerated cannot in and of itself justify a denial of speedy trial. Writs may be sent to facilities where a defendant is incarcerated for purposes of bringing him to trial. Cf. e.g., Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This is particularly true when defendant is within the state or within the jurisdiction of the Department of Corrections which can produce him for appearance at the county level. Nevertheless, the defendant's status, including knowledge or lack of knowledge concerning his custodial status, and trial commitments in other jurisdictions have bearing on the factors relating to denial of speedy trial.
Here, defendant was released on bail after his arrest and failed to appear for pretrial proceedings, apparently because of arrests and incarceration elsewhere. This is not a situation where, after incarceration in the Middlesex County Jail, defendant was transported to other jurisdictions without release on bail or with knowledge of Middlesex County authorities. Further, there appears to have been no request for speedy trial while defendant was incarcerated or otherwise, nor any motion seeking a trial date or dismissal until July 1984, and the trial was conducted within four months thereafter. Moreover, we perceive no prejudice, and defendant himself indicated that he did not even know the names of the witnesses he would have endeavored to call for trial. Therefore, while perhaps greater *106 efforts could have been made to ascertain defendant's status and whereabouts at the time of his bail forfeiture and entry of judgment on the recognizance (which could have a more significant impact were the other circumstances different), we are satisfied that the trial judge properly denied the motion to dismiss for lack of speedy trial. Even assuming that some delay was attributable to the judicial system in not ascertaining defendant's whereabouts or bringing him to trial while incarcerated within the state, the lack of request for speedy trial prior to July 1984 and the absence of prejudice, together with the reasons for delay attributable, at least in part, to incarceration elsewhere, lead us to conclude that the motion was properly denied. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Szima, 70 N.J. 196 (1976), cert. den. 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976); State v. Smith, 131 N.J. Super. 354 (App.Div. 1974), aff'd o.b. 70 N.J. 213 (1976). Cf. State v. Binn, 208 N.J. Super. 443 (App.Div. 1986).
It his pro se supplementary brief defendant argues:
POINT I INCLUSION BY THE TRIAL COURT OF AN INELIGIBLE JUROR RENDERS THE INSTANT JUDGMENT OF CONVICTION VOID.
POINT II TRIAL JUDGE'S RULING THAT ALLEGED ORAL STATEMENTS BE ADMITTED AT TRIAL WAS MADE WITHOUT THE APPLICATION OF THE RULES OF EVIDENCE
POINT III TRIAL JUDGE WHO WAS FIRST ASSISTANT PROSECUTOR, MIDDLESEX COUNTY, AT TIME OF APPELLANT'S INDICTMENT, AND WHO SUPERVISED THE TRIAL PROSECUTOR, SHOULD HAVE RECUSED HIMSELF, SUA SPONTE

We have carefully reviewed these contentions and conclude that they do not warrant reversal of the conviction. We do, however, make some additional comments with respect to them.
It is true, as defendant argues, that N.J.S.A. 2A:69-4 provides:
Any person who has served as a grand or petit juror or as a struck juror shall be ineligible to serve either as a grand or petit or struck juror for 1 year thereafter.
While it appears that the ineligibility provision is mandatory, there is another statute which must be considered with respect to the subject. N.J.S.A. 2A:78-6 provides, in pertinent part:

*107 It shall be good cause of challenge to any person summoned ... as a petit juror on the trial of any action of a civil or criminal nature in any of the courts of this state ... that he has served as a petit juror within the preceding year. Such person shall be discharged upon such challenge being verified according to law or on his own oath in support thereof.
No exception to any juror, grand or petit on account of ... other legal disability shall be allowed after the juror has been sworn.
In support of the conviction the State argues that State v. Pereira, 202 N.J. Super. 434 (App.Div. 1985) is distinguishable. There the venireman indicated that he had sat as a juror within the twelve months prior to trial and defendant exercised a challenge for cause which was denied. In that instance, the court indicated "... the Legislature has made it a `good cause of challenge ... that he has served as a petit juror within the preceding year.' N.J.S.A. 2A:78-6. In mandatory language such person is required to be discharged." Id. at 438. Pereira is therefore distinguishable because here there was neither a challenge by the defendant nor a denial of a request by the juror who had served within a year that he be excused.
We need not examine the impact of defendant's failure to exercise all peremptory challenges because we are satisfied that in the absence of an application by defendant or by the juror that he be excused, and in the absence of a peremptory challenge directed to the juror, there can be no reversal on this ground. We have an obligation to construe legislative enactments as a unitary and harmonious whole insofar as that may be possible in order that each may be fully effective. See Gallagher v. Irvington, 190 N.J. Super. 394, 398 (App.Div. 1983). Reading N.J.S.A. 2A:69-4 together with N.J.S.A. 2A:78-6, we are convinced that a trial cannot be upset or voided by virtue of the participation of an ineligible juror in the absence of an objection following voir dire which reveals the ineligibility.
While the trial judge may have inadvertently indicated that the Rules of Evidence do not apply to a Miranda hearing, but see Evid.R. 8(3), we are convinced that decisions on the evidentiary rulings were not incorrect nor do they warrant reversal.
*108 We are concerned by the fact that the trial judge was the First Assistant Prosecutor of Middlesex County at the time the indictment was returned. It appears that defendant voiced no objection to the participation of the trial judge at the outset of the proceedings. However, as he indicated at the time of motion for new trial, defendant did not know at the time of trial of the former employment of the trial judge. In denying the motion for new trial the trial judge relied upon an administrative directive promulgated by the Administrative Director of the Courts on September 19, 1983 regarding disqualification of trial judges in criminal matters. In that directive the Administrative Director indicated that "The Supreme Court has established the following guidelines concerning judicial disqualification in criminal cases, where the judge previously served as prosecutor, public defender or as an assistant in one of those offices." The directive further provides:
Except in extraordinary circumstances, a judge should disqualify himself in a criminal matter which was pending in his office when he was the prosecutor or county public defender, whether or not he actively participated in the investigation, prosecution or defense of the case, or had actual knowledge of it.
The reason for that directive is stated that "... as the prior head of either office, the judge would have had the overall responsibility for the conduct of the case." The directive continues:
A judge should disqualify himself from hearing a criminal matter involving a defendant who the judge, in his previous capacity, had personally prosecuted or defended, or had represented in a civil matter in the past.
The directive then indicates:
A judge need not disqualify himself from hearing a criminal matter which was pending at the time when the judge served as an assistant prosecutor or assistant public defender, if the judge had no direct involvement with the matter.
The rationale is explained:
As an assistant, the judge would not have been charged with the overall responsibility for the conduct of the case, disqualification is therefore unnecessary absent direct involvement in the investigation, review or trial of the matter in question.
Pursuant to Art. VI, § 2, ¶ 3 of the New Jersey Constitution,

*109 The Supreme Court shall make rules governing the administration of all courts in the State and, subject to law, the practice and procedure in all such courts. The Supreme Court shall have jurisdiction over the admission to the practice of law and the discipline of persons admitted.
There can be no doubt that the directive in question, embodying guidelines promulgated by the Supreme Court concerning judicial disqualifications in criminal cases, has the full force and effect of law. Moreover, the determinations of the Supreme Court are binding upon this tribunal. See e.g., State v. Linares, 192 N.J. Super. 391, 397-398 (Law Div. 1983).
In In re Advisory Opinion 361, 77 N.J. 199 (1978) the Supreme Court addressed the issue of disqualification in criminal cases of county prosecutors and assistant prosecutors who return to private practice. The Court held that an assistant prosecutor could not handle a matter involving his former office for a period of six months and could not handle any matter, even thereafter, if he had any involvement, participation or responsibility in it. However, the court wrote that, because of his supervisory position "... a county prosecutor should not represent anyone in any criminal matter which has been pending, whether in the investigatory stage or otherwise, in the office while he was prosecutor." 77 N.J. at 204. Because of his supervisory responsibility "[t]he same rule would normally apply to the first assistant." Ibid. See also State v. Rizzo, 69 N.J. 28 (1975); State v. Lucarello, 135 N.J. Super. 347, 352-353 (App.Div. 1975), aff'd o.b. 69 N.J. 31 (1975).
The first assistant has supervisory responsibility over all trial attorneys, and it was not denied at the time of the motion for new trial that the trial judge in this case had supervisory responsibility over the assistant prosecutors at the time they handled the return of the indictment in this case. However, unlike In re Advisory Opinion 361, the directive promulgated through the Administrative Director of the Courts does not treat the first assistant prosecutor like the prosecutor nor distinguish between the first assistant prosecutor and other assistant prosecutors. We therefore believe that, given the *110 language of the directive, which is binding upon us, any relief on this subject must be sought from the Supreme Court.
Accordingly, the judgment under review is affirmed.
NOTES
[1] Our review of the presentence report confirms that parole was revoked in June 1980 and the defendant was reparoled in December 1981.