580 A.2d 737

EDWIN T. FERREN AND LORETTA S. FERREN AS GUARDIANS AD LITEM ON BEHALF OF ANN MARIE FERREN, A MINOR CHILD, AND EDWIN T. FERREN AND LORETTA S. FERREN, INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v. CITY OF SEA ISLE CITY, COUNTY OF CAPE MAY, STATE OF NEW JERSEY (DEPARTMENT OF TRANSPORTATION), AND THE ATLANTIC CITY ELECTRIC COMPANY, DEFENDANTS–RESPONDENTS, AND JEFFREY PLUNKETT, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1990—Decided September 10, 1990.

Before Judges LONG, GRUCCIO and LANDAU.

*William M. Tambussi* argued the cause for appellants (*Brown & Connery*, attorneys; *Thomas F. Connery, Jr.* and *William M. Tambussi*, on the brief).

*William A. Garrigle* argued the cause for respondent City of Sea Isle City (*Garrigle and Palm*, attorneys; *William A. Garrigle*, of counsel; *Robert J. Meyers* and *Cindy B. Perry*, on the brief).

*Brian S. Thomas* argued the cause for respondent Atlantic City Electric Company (*Megargee, Youngblood, Franklin & Corcoran*, attorneys).

PER CURIAM.

Plaintiffs Edwin T. Ferren and Loretta S. Ferren, individually and as guardians *ad litem* of Ann Marie Ferren, a minor, appeal from a judgment of the Superior Court, Law Division, Cape May County, which granted summary judgment in favor of defendants City of Sea Isle City (Sea Isle) and Atlantic City Electric Company (Atlantic Electric). On appeal plaintiffs claim that summary judgment was improper because genuine issues of material fact were in issue. They also contend that the trial judge should have recused himself as his former law partner had represented Sea Isle from 1973 to 1977.

Briefly stated, plaintiffs' alleged cause of action arises from an accident which occurred on August 25, 1984, when the minor plaintiff, age 13, was crossing Landis Avenue midway between 37th and 38th Streets in Sea Isle and was struck by an oncoming vehicle. She was critically injured and remains severely brain damaged.

Following discovery, Atlantic Electric, Sea Isle and Cape May County moved for summary judgment. The trial judge, in a

written opinion, concluded that no factual basis existed in the record to demonstrate a duty or breach thereof inculpating Atlantic Electric.[1]

The judge also concluded that neither Sea Isle nor Atlantic Electric was in any manner negligent in the preparation and implementation of a survey conducted in February 1981 by Atlantic Electric for the upgrade of its lighting on Landis Avenue to mercury-vapor lamps. He held that Sea Isle had no obligation to upgrade its lighting system and that it did not engage in any "palpably unreasonable" conduct, *N.J.S.A.* 59:4–2, in its determinations regarding street lighting. In sum, he found Sea Isle without liability in its discretionary decisions. *N.J.S.A.* 59:2–3. We agree with Judge Callinan's decision as to Sea Isle and affirm substantially for the reasons expressed by him in his letter opinion of August 18, 1988.

■■ We find the issue as to Atlantic Electric a much closer one. We are constrained to reverse because we find a factual dispute respecting Atlantic Electric's liability. There was a conflict in testimony as to what Sea Isle sought from Atlantic Electric in order to adequately fulfill its street-lighting needs. Did Atlantic Electric merely do what Sea Isle instructed, under which no liability would attach to it? Did it merely take an order and fill it? Or, as former Mayor Raffa's testimony indicates, did it respond to Sea Isle in the city's attempt to find the proper course of conduct in upgrading its lighting to provide adequate illumination? If it did, and failed to fulfill such responsibility, a jury could conclude that Atlantic Electric was negligent and that liability could attach. Mayor Raffa clearly and firmly indicated in his testimony that as Mayor he relied totally upon the consultation and advice of Atlantic Electric regarding matters of street lighting, even to the exclu-

---

[1] Summary judgment was also granted at that time as to the State of New Jersey. Plaintiffs have not appealed the judgments in favor of the State or the County of Cape May.

sion of the city engineers. It is thus upon this narrow basis that we find it necessary to remand for trial.

The recusal issue has not been directly addressed by us in a published opinion in a civil action. We agree with the motion judge's determination not to recuse himself.

■ We first point out that *N.J.S.A.* 2A:15–49, upon which counsel bases his recusal argument, must be considered in light of the Supreme Court's constitutional authority to administer the courts of our State. Article VI, § 2, ¶ 3, of the New Jersey Constitution of 1947 provides:

> The Supreme Court shall make rules governing the administration of all courts in the State and, subject to law, the practice and procedure in all such courts.

Over 40 years ago, our Supreme Court in *Winberry v. Salisbury,* 5 *N.J.* 240, 255, 74 *A.*2d 406, *cert. den.* 340 *U.S.* 877, 71 *S.Ct.* 123, 95 *L.Ed.* 638 (1950) held "that the rule making power of the Supreme Court is not subject to overriding legislation, but that it is confined to practice, procedure and administration as such," citing particularly, article VI, § 2, ¶ 3 of the "new Constitution." On occasion,

> in the full enjoyment of its paramount and exclusive powers over the judicial branch, the Supreme Court has the authority, reasonably to be implied under the twin principles of the separation and interdependence of governmental powers, to permit or accommodate the lawful and reasonable exercise of the powers of other branches of government even as that might impinge upon the Court's constitutional concerns in the judicial area. [*Knight v. Margate,* 86 *N.J.* 374, 390, 431 *A.*2d 833 (1981)].

■ Pursuant to the powers constitutionally delegated, the Supreme Court has promulgated *R.* 1:12–1, which treats comprehensively with the subject of judicial disqualification and disability, thereby preempting legislation on that subject. *R.* 1:12 supersedes *N.J.S.A.* 2A:15–49.[2]

---

[2]This interpretation was confirmed by the Chief Justice at a meeting of assignment judges on December 11, 1964, and is contained in our Compilation of Administrative Directives.

*R.* 1:12-1 provides standards for disqualification of a judge from a particular case. The mere fact that the trial judge's former law firm partner at one time represented Sea Isle in wholly unrelated matters long before any of the operative events took place did not of itself require disqualification. No act or advice of the trial judge or his former firm is even remotely involved in the issues of this case.

Neither the spirit nor letter of *R.* 1:12-1 has here been violated. A trial judge whose former law partner was at one time a municipal counsel, may hear cases involving that municipality if the matters are unrelated to services performed personally or by the firm for the municipality. In *Sheeran v. Progressive Life Ins. Co.,* 182 *N.J.Super.* 237, 440 *A.*2d 469 (App.Div.1981), we held similarly that an administrative law judge (ALJ) was not disqualified from hearing a case in which the Department of Insurance charged an insurance company with engaging in deceptive practices, even though the ALJ had previously been a hearing officer of the Department. *Id.* at 243-244, 440 *A.*2d 469. In the absence of specific evidence of bias, prejudice or impropriety on the part of the ALJ, recusal was not necessary. In *Sheeran,* we also concluded that similar standards are generally applicable both to ALJ's and members of the judiciary. *Id.* at 243, 440 *A.*2d 469.

Moreover, in criminal matters, an assistant in the office of the public defender or prosecutor may hear matters upon assuming the bench provided that that person had no direct involvement in the case then pending before the court. *State v. McNamara,* 212 *N.J.Super.* 102, 108-109, 514 *A.*2d 63 (App.Div. 1986), *certif. den.* 108 *N.J.* 210, 528 *A.*2d 30 (1987). The prosecutor or public defender, himself, of course, may not hear any matter pending when he was in charge of the office but, thereafter, is free to hear any of the office's matters before the court. *Ibid.* The rule is one of reason and not of application regardless of involvement or circumstances. No valid reason

was advanced for the trial judge to disqualify himself from sitting on this matter.

Affirmed in part; reversed in part; and remanded for trial as to Atlantic Electric.