**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3135-16T4

C.C.E.,

    Plaintiff-Respondent,

    v.

C.R.E.,

    Defendant-Appellant.

_____

        Submitted September 13, 2018 – Decided September 20, 2018

        Before Judges Fisher and Suter.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-2220-16.

        Law Offices of Albert J. Rescinio, attorneys for appellant (Jeff Thakker, of counsel; Albert J. Rescinio, on the brief).

        Keith, Winters & Wenning, LLC, attorneys for respondent (Brian D. Winters, on the brief).

PER CURIAM

Defendant C.R.E. (Clifford) appeals a final restraining order (FRO) entered by way of the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. He claims, among other things, that the trial judge's past affiliation with a law firm that represented the parties more than twenty years earlier in an unrelated matter required his recusal. Clifford also argues that the judge: erred in proceeding on what Clifford claims was a "confusing" complaint; denied his right to cross-examine; mistakenly failed to grant an adjournment request; rendered insufficient findings of fact; drew mistaken conclusions of law; and awarded counsel fees without an adequate explanation. And he argues his domestic-violence complaint was erroneously dismissed. We reject all Clifford's arguments, except we agree the judge didn't provide adequate findings to support the counsel-fee award, and we remand only for that purpose.

The record reveals that the parties' 1995 marriage was in a deteriorated state when plaintiff C.C.E. (Carol) filed a non-dissolution action in April 2014. That action resulted in a June 2014 order which granted Carol exclusive possession of the marital home, established her as the primary custodial parent of their two daughters, and directed that Clifford have "no contact" with Carol "whether oral, written, direct or indirect, via text, e-mail or social media, except for text or e-mail for the welfare of the children only."

2

Thereafter – according to Carol – Clifford would regularly drive by the marital home and "beep or wave," all of which made her feel "extremely violated." In late May 2016, to gather proof that Clifford was purportedly violating the civil restraints in this way, Carol posted signs on her mailbox, including one that referred to Clifford as a "stalker" and another that mentioned Clifford's girlfriend. Clifford responded by sending numerous text messages, demonstrating he had seen the signs and, therefore, had been in the vicinity of the marital home.[1] Whether the text messages themselves violated the civil restraints was a matter of dispute. Clifford claimed he was merely expressing his concern about the children – thereby falling within the exception mentioned in the civil restraints – while Carol viewed those messages as threatening and outside the scope of the exception.

Clifford filed a domestic-violence complaint based on what he claimed was the signage's harassing nature. And Carol responded with her own complaint, which alleged harassment and stalking.

After an approximate two-month adjournment, the parties appeared for a trial on both matters on August 15, 2016. Only Carol was then represented by counsel. After hearing the testimony of both parties, the trial judge entered a

---

[1] Once she received text messages from Clifford – and had her proof that he had driven past the marital home – Carol took down the signs.

final restraining order (FRO) in Carol's favor and dismissed Clifford's action. In essence, the judge found Carol credible, not Clifford, and he concluded that Clifford's text messages and phone calls caused Carol annoyance or alarm, N.J.S.A. 2C:33-4.

An amended FRO entered in September 2016 directed Clifford to pay Carol $7821 in counsel fees. Later, Clifford moved for relief from the FRO on numerous grounds; for the first time he claimed the trial judge's former law firm had represented the parties in the past and that this fact required recusal, vacation of the FRO, and a new trial. The motion was denied, and Clifford appeals, presenting these arguments for our consideration:

> I.     THE FORMER REPRESENTATION OF BOTH PARTIES BY [THE TRIAL JUDGE'S] FORMER LAW FIRM ESTABLISHED THE APPEARANCE OF IMPROPRIETY; THE JUDGE SHOULD HAVE VACATED HIS RULINGS AND RESTORED THE PARTIES TO THE PRE-AUGUST 15, 2016 STATUS QUO, PENDING A NEW HEARING BEFORE ANOTHER JUDGE.
>
> II.    [CAROL'S] TRO COMPLAINT IS SO CONFUSING THAT THE TRIAL COURT VIOLATED [CLIFFORD'S] DUE PROCESS RIGHTS IN REQUIRING HIM TO DEFEND AGAINST IT; THE FRO SHOULD BE VACATED, AND [CAROL'S] TRO COMPLAINT SHOULD BE DISMISSED (Not Raised Below).

A-3135-16T4

III. GIVEN THE AMORPHOUS NATURE OF [CAROL'S] TRO COMPLAINT, THE TRIAL COURT SHOULD HAVE GRANTED, OR AT LEAST RECONSIDERED, [CLIFFORD'S] REQUEST FOR AN ADJOURNMENT.

IV. THE TRIAL COURT'S DENIAL OF [CLIFFORD'S] RIGHT TO <u>DIRECTLY</u> CROSS-EXAMINE [CAROL], WAS AN ABUSE OF DISCRETION AND A VIOLATION OF [CLIFFORD'S] CONSTITUTIONAL RIGHTS (Not Raised Below).

V. GIVEN [CLIFFORD'S] STATUS AS A <u>PRO</u> <u>SE</u> LITIGANT, AND GIVEN THE SCATTER-GUN NATURE OF [CAROL'S] TRO COMPLAINT, THE TRIAL COURT SHOULD HAVE DIRECTED THE TESTIMONY BY FOCUSING ON THE CROSS-COMPLAINTS; THE <u>AD</u> <u>HOC</u> NATURE OF THE PROCEEDINGS DENIED [CLIFFORD] HIS RIGHT TO DUE PROCESS (Not Raised Below).

VI. [CLIFFORD'S] TRO COMPLAINT SHOULD NOT HAVE BEEN DISMISSED.

    A. [CLIFFORD'S] PREDICATE-ACT "HARASSMENT" CLAIM WAS PROVEN BEYOND RATIONAL DISPUTE.

    B. SECOND ELEMENT.

VII. REGARDING [CAROL'S] COMPLAINT, THE FAMILY COURT'S FACTUAL FINDINGS WERE INSUFFICIENT AND ITS LEGAL CONCLUSIONS WERE ERRONEOUS; THE FINAL RESTRAINING ORDER SHOULD BE VACATED.

A.	THE	PREDICATE	ACT	OF
"HARASSMENT" WAS NOT PROVEN.

B.	THE NEED FOR A RESTRAINING
ORDER WAS NOT ESTABLISHED.

VIII. COUNSEL FEES WERE INAPPROPRIATE.

We find insufficient merit in Points I through VII to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).  We add only a few brief comments.

Although each domestic-violence action may in one sense be seen as unique, the general nature of the allegations and the way in which our busy family courts must conduct and resolve these disputes are often quite similar. With the appearance of an unrepresented party, judges will inquire as to their desire to seek counsel. If the parties choose to proceed,[2] then the matter

---

[2] We reject Clifford's arguments that the judge should have sua sponte adjourned the trial because Clifford was unrepresented. The judge made appropriate inquiries and Clifford unequivocally affirmed that he did not wish to consult with an attorney and was ready to proceed. For example, when the judge asked if Clifford had his witnesses in court, Clifford said he did not. But, upon further questioning, it became clear that Clifford's view of the scope of the matter was broader than suggested by the pleadings:

THE COURT: Do you have all your witnesses here?

[CLIFFORD]: No, I don't.

THE COURT: What – what witness is not here?

proceeds; with one or more unrepresented parties, the judge is not only permitted but expected to conduct much of the examination of the witnesses in order to seek the truth that might not easily arrive when an unschooled litigant attempts to examine a witness. The judge did not deprive him of the right to cross-examination, as Clifford asserts, but instead aided the presentation of the evidence by reframing and refocusing the testimony Clifford sought to elicit from Carol. Clifford was not prejudiced and his prosecution of his own case and his defense of Carol's complaint were in no way hampered.

The case also presented allegations of harassment which likely represent the most common type of domestic-violence case our trial courts face, particularly between parties in the throes of an unhappy marriage. Often such cases require the judge to ascertain whether the alleged harassing communications or conduct are encompassed by N.J.S.A. 2C:33-4 or constitute "domestic contretemps." J.D. v. M.D.F., 207 N.J. 458, 475 (2011). Here, the able trial judge assessed the parties' testimony, ascertained who was the most

---

> [CLIFFORD]: It depends on how far back you want to go into these restraining orders, Your Honor.

The judge responded that he could not advise Clifford on "how to try [his] case," and, in cutting to the chase, asked Clifford if he "want[ed] time to talk to a lawyer," to which Clifford responded, "No, no --." In these circumstances, the judge was not required to sua sponte adjourn the matter, as Clifford now argues.

A-3135-16T4

credible, and concluded that the evidence he found truthful was sufficient to support Carol's claim that Clifford's communications were more than mere domestic contretemps.

Finding no error in the framework utilized by the judge in seeking the truth of the parties' competing allegations – we will discuss the recusal issue shortly – Clifford offered no principled reason for this court's rejection of the judge's factfinding. Appellate courts accord substantial deference to the findings of family judges. N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010). We will not disturb a judge's findings if there is substantial credible evidence to support them. N.J. Div. of Youth & Family Servs. v. L.L., 201 N.J. 210, 226 (2010). A judge's credibility findings are particularly deserving of our deference, Cesare v. Cesare, 154 N.J. 394, 412 (1998), because it is the trial judge that "has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand" and it is that judge, not an appellate court, who is able to secure "a feel of the case that can never be realized by a review of the cold record," N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008). In applying these standards, we have no cause to intervene in the judge's determination that Carol was credible, that Clifford was not, and that

Carol's assertions were sufficient to warrant a finding of harassment and the imposition of an FRO.

As for the recusal issue, the record reveals that Clifford expressed no concern about the appearance of impropriety in the judge's conducting of the trial until he filed a post-trial motion. In that motion, he argued that the judge's former law firm had represented both parties more than twenty years earlier in the financing of the marital home. The judge himself had no involvement in that 1995 matter and, in ruling on the motion, advised that he had no recollection of the parties being clients of his former law firm. And Clifford provided no evidence to suggest otherwise. All that was before the judge was the fact that his law firm – but not him – had represented the parties decades earlier in an unrelated matter. Consequently, the judge denied Clifford's motion, and in reviewing that discretionary determination, we find little to distinguish between these circumstances and those that did not warrant disqualification in Ferren v. City of Sea Isle City, 243 N.J. Super. 522, 527 (App. Div. 1990).

We lastly turn to the counsel-fee award and agree with Clifford that the judge made no findings by which the quantification of that award might fairly be reviewed. We, thus, vacate that part of the amended FRO and remand for the judge's further consideration and findings about the amount of the award.

A-3135-16T4

Affirmed in part, vacated in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3135-16T4