**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1690-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GUAROA SOLANO-TRINIDAD,
a/k/a GUAROA SOLANO,

    Defendant-Appellant.

_____

Submitted September 28, 2021 – Decided February 18, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 16-02-0113.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles H. Landesman, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Guaroa Solano-Trinidad appeals the denial of his post-conviction relief (PCR) petition. We affirm for the reasons set forth below.

I.

On October 12, 2015, defendant was driving in Prospect Park when he engaged in a verbal confrontation with another motorist, Ana Tobon. The parties' renditions of events are similar, but they differ in some respects.

Tobon contends that defendant was the aggressor, cutting her off and driving carelessly in front of her for several blocks. When both parties stopped at a red traffic signal, Tobon pulled alongside defendant's car. A verbal confrontation ensued between Tobon and defendant. Tobon maintains that after words were exchanged, defendant exited his vehicle and approached her car with a knife.

Defendant, however, contends Tobon exited her vehicle and threw a cup of soda through the window of his vehicle. The soda missed him but landed on the passenger side dashboard. Allegedly fearing for his safety, defendant exited his vehicle, removed a knife from his pocket and used it to puncture a hole in the tire of Tobon's vehicle. Defendant claims that his actions were necessary to prevent Tobon from retaliating.

A-1690-19

Defendant was subsequently pulled over by a police officer[1] for not wearing a seatbelt, whereupon Tobon and another witness, Magdelin Pena, approached the officer and reported the incident. Upon noticing the flat tire, the officer questioned defendant to determine if he possessed any weapons. Defendant told the officer that he had a knife in his pocket. The officer recovered the knife and noticed that the top half of the knife's blade had black residue. The officer then arrested defendant.

On October 12, 2015, a municipal court judge found probable cause. A grand jury later indicted defendant on three charges: third-degree terroristic threats, N.J.S.A. 2C:12-3(a); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(d).

Defendant pled guilty to third-degree possession of a weapon for an unlawful purpose and two motor vehicle violations.

Defendant was subsequently sentenced to a three-year term of incarceration, concurrent to a three-year sentence on a separate indictment. The remaining counts were dismissed. Defendant appealed, informing appellate

---

[1] The record contains no reference to the officer by name but for an illegible handwritten notation in the police report.

A-1690-19

counsel of what he believed to be the municipal judge's conflict of interest. Defendant asked appellate counsel to incorporate the argument into the appeal. Appellate counsel declined to pursue the claim, telling defendant that "this was not a viable issue." Defendant's direct appeal was placed on an excessive sentence calendar. We affirmed. State v. Solano-Trinidad, No. A-5674-16 (App. Div. Jan. 9, 2018).

Defendant then filed a pro se PCR application. Afterwards, PCR counsel filed an amended verified petition and brief. Shortly thereafter, the PCR court heard argument.

The PCR judge issued a written opinion. He rejected defendant's self-defense theory, finding "nothing in [defendant's] actions [towards Tobon] that could normatively be characterized as reasonable or immediately necessary." Accepting defendant's version of events, the judge found "there was nothing to preclude [defendant] from driving off and calling the police with a description of the vehicle and his assailant." The judge further found that "no reasonable jury could be expected to find that exiting one's car and puncturing an offending driver's tire with a knife was in any sense a proportionate or justifiable response to having a drink thrown in one's direction." Given these findings, the PCR judge concluded defendant failed to make a prima-facie showing of ineffective

4

assistance of counsel, because "[self-defense] was not viable in any realistic sense." As to the second prong of Strickland,[2] the PCR judge found defendant made no showing "as to how the outcome would have been substantially different or more favorable[] for [defendant] even had the claim of self-defense been undertaken as it was[,] and is[,] wholly implausible."

Next, the PCR judge concluded that the municipal court judge's probable cause finding against defendant was "limited," and "chiefly ministerial." The PCR judge recognized that our law encourages judges to recuse themselves from hearing matters involving defendants that they have prosecuted or defended previously. See State v. McNamara, 212 N.J. Super. 102, 108 (App Div. 1986). However, the PCR judge also found the "[municipal court judge's] probable cause finding was superseded and rendered moot by the return of the grand jury indictment." The PCR judge concluded any defense challenge to the indictment based on the municipal court judge's failure to recuse, in addition to being unlikely to succeed due to mootness, would have "triggered a disadvantageous escalation in the plea offer against [defendant's] penal interest."

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

The PCR court concluded defendant failed to prove the first prong of Strickland, and that trial counsel's performance satisfied defendant's Sixth Amendment right to counsel. The judge denied an evidentiary hearing.

On appeal from denial of his PCR application, defendant makes the following arguments:

> POINT I
>
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY WHO DID NOT MOVE TO DISQUALIFY THE MUNICIPAL JUDGE FROM CONDUCTING A PROBABLE CAUSE HEARING DUE TO A CONFLICT OF INTEREST BECAUSE HE PREVIOUSLY PROSECUTED THE DEFENDANT AS A MUNICIPAL PROSECUTOR IN TWO UNRELATED CASES.
>
> POINT II
>
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY BECAUSE HE FAILED TO RAISE THE DEFENSE OF SELF-DEFENSE.

II.

Rule 3:22-2 provides four grounds to grant a PCR petition: (1) substantial denial of a state or federal constitutional right; (2) a sentencing court's lack of jurisdiction; (3) imposition of an excessive or unlawful sentence; and (4) "any habeas corpus, common-law, or statutory grounds for a collateral attack." State

6

v. Preciose, 129 N.J. 451, 459 (1992). The burden rests with the defendant to prove such a violation "by a preponderance of the credible evidence." Ibid. To sustain that burden, the defendant must allege and articulate facts, which "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland. See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong . . . is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

To obtain a new trial based on ineffective assistance of appellate counsel, a defendant must establish that appellate counsel failed to raise an issue that would have constituted reversible error on direct appeal. State v. Echols, 199 N.J. 344, 361 (2009). Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have found either that no error had occurred

A-1690-19

or that it was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); State v. Harris, 181 N.J. 391, 499 (2004). Consequently, appellate counsel is not required to raise every possible issue and need only raise issues that have a reasonable possibility of success. State v. Gaither, 396 N.J. Super. 508, 515-16 (App. Div. 2007); State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (noting "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant").

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super. 283, 290 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting Harris, 181 N.J. at 421).

A-1690-19

In addressing motions for judicial recusal, we are guided by several fundamental principles. Generally, recusal motions "are entrusted to the sound discretion of the judge and are subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010) (citing Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001)). However, "[w]e review de novo whether the proper legal standard was applied." Ibid.

The "overarching objective of the Code of Judicial Conduct is to maintain public confidence in the integrity of the judiciary." In re Advisory Letter No. 7-11 of the Sup. Ct. Advisory Comm., 213 N.J. 63, 71 (2013) (citations omitted). Such confidence "depends on a belief in the impersonality of judicial decision making." Id. at 75 (quoting United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982)). Because "justice must satisfy the appearance of justice[,]" State v. Deutsch, 34 N.J. 190, 206 (1961) (citation omitted), we are as concerned with how facts are perceived by the public as we are with the actual cases of partiality. See Code of Jud. Conduct Rule 2.1 (stating "[a] judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."). Therefore, a movant need not show actual prejudice, "the mere

appearance of bias may require disqualification." Panitch, 339 N.J. Super. at 67 (quoting State v. Marshall, 148 N.J. 89, 279 (1997)).

"[J]udges sh[ould] disqualify themselves in proceedings in which their impartiality . . . might reasonably be questioned . . . ." Code of Jud. Conduct Rule 3.17(B). "However, before the court may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." State v. Presley, 436 N.J. Super. 440, 448 (App. Div. 2014) (quoting Marshall, 148 N.J. at 279). With those principles in mind, our Supreme Court adopted "the following standard to evaluate requests for recusal: 'Would a reasonable, fully informed person have doubts about the judge's impartiality?'" McCabe, 201 N.J. at 44 (quoting DeNike v. Cupo, 196 N.J. 502, 517 (2008)).

Rule 1:12-1(g) mandates a judge to recuse themselves in a proceeding

> when there is any . . . reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so.

Pertinent to this matter, an administrative directive promulgated by the Administrative Director of the Courts, dated September 19, 1983 states:

> A judge should disqualify himself or herself from hearing a criminal matter involving a defendant who the judge, in his or her previous capacity, had personally

> prosecuted or defended, or had represented in a civil matter in the past.
>
> [See also N.J.S.A. 2A:15-49.]

Despite those guiding principles, our Supreme Court in DeNike v. Cupo, noted that judicial refusal is not mandatory "in certain instances," where the "entry of judgment may constitute a ministerial act that does not involve the exercise of discretion" on the part of a judge. 196 N.J. at 515.

## III.

Recognizing that the "overarching objective of the Code of Judicial Conduct is to maintain public confidence in the integrity of the judiciary," we find the municipal court judge should have recused himself from defendant's probable cause hearing. See In re Advisory Letter, 213 N.J. at 71. The finding of probable cause against defendant was hardly "ministerial," as it required an evaluation of defendant's conduct in light of the facts and circumstances of the particular case and the charges brought. State v. Moore, 181 N.J. 40, 45 (2004) (defining probable cause). The record shows the municipal court judge had previously served as a municipal court prosecutor, and that he had prosecuted defendant in that capacity. The municipal court judge knew defendant and had previously recused himself from other cases involving defendant. Recusal would have prevented the "appearance of bias," and we disagree with the PCR

11

court's characterization of the municipal court judge's act as "ministerial." That said, we are persuaded that the error is overcome by the grand jury's subsequent indictment. See Panitch, 339 N.J. Super. at 67.

The grand jury has the dual function of "determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions . . . ." State v. Del Fino, 100 N.J. 154, 165 (1985) (quoting Branzburg v. Hayes, 408 U.S. 665, 686-87 (1972)). Because the grand jury made an independent finding of probable cause, any error by the municipal court judge was superseded, and motions by trial counsel or appellate counsel based on the error would have been fruitless.

We are satisfied on this record that defendant failed to establish a prima facie claim of ineffective assistance of counsel for trial or appellate counsel. Given the deference we afford defense counsel's trial strategy under our standard of review, we cannot say counsel's choice to not argue the municipal court judge's error was objectively unreasonable. On this record, we find defendant has not overcome the "strong presumption that [trial] counsel rendered adequate assistance," and that defendant's trial and appellate counsel "exercise[d] reasonable professional judgment." Strickland, 466 U.S. at 690.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1690-19