This matter comes up on leave heretofore granted to appeal from the Municipal Court directly to the Appellate Division.
On May 10, 1949, defendant while driving his automobile on Main Street in Hackettstown, narrowly avoided striking E.J. Wildrick, the Magistrate of the Municipal Court of Hackettstown, Warren County, who was crossing the street at the time. Magistrate Wildrick, lunging forward, fell, tearing his trousers. The defendant stopped his car and was taken by Magistrate Wildrick and a police officer to a doctor for a medical examination. Magistrate Wildrick was constantly present and "subscribed" to the complaint against defendant made by the police officer of driving under the influence of liquor. Objection was made at the trial to Magistrate Wildrick judging the merits of the charge, which was overruled. Magistrate Wildrick specifically stated that he would hear the matter especially if he could prevent other people *Page 38 
from being nearly run down. No prosecutor presented the case on behalf of the State. Only the police officer testified. The defendant was found guilty, fined $200 together with $12 costs, and his driver's license revoked. The facts recited above are taken from a statement of facts approved by E.J. Wildrick, Magistrate of Municipal Court of Hackettstown.
The general principle with regard to disqualification of a judge is well stated in 30 Am. Jur., "Judges," par. 53: "Next in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge. * * * Every litigant, including the state, in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge, and the law intends that no judge shall preside in a case in which he is not wholly free, disinterested, impartial and independent." For the magistrate to have sat in judgment in the present case, in view of the aforementioned circumstances, was an unnecessary act on his part, tending to impair the confidence in and respect of the people for the courts. It is important to bear in mind that this is not a case in which the defendant would have gone untried for want of a tribunal. R.S. 39:5-3 specifically guards against that eventuality.
The judgment is reversed. *Page 39