56 N.J. Super. 213 (1959)
152 A.2d 386
PHILLIP J. JAMES, APPELLANT,
v.
STATE OF NEW JERSEY, MUNICIPAL COURT OF MAPLE SHADE, CINNAMINSON AND DELRAN, IN THE COUNTY OF BURLINGTON, AND CECIL A. BOWERS, MAGISTRATE OF THE MUNICIPAL COURT OF THE TOWNSHIPS OF MAPLE SHADE, CINNAMINSON AND DELRAN, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1959.
Decided June 8, 1959.
*215 Before Judges GOLDMANN, FREUND and HANEMAN.
Mr. James M. Davis, Jr., for the motion.
Mr. George H. Barbour, contra.
PER CURIAM.
This matter came before us on defendant's application for leave to appeal from his municipal court conviction on a drunken driving charge. Since but a single legal issue was involved, and the motion papers, counter-affidavits and briefs fully exposed the factual and legal background, we suggested that the matter might be disposed of as though leave had been granted and the appeal proceeded with in regular course. Counsel so stipulated; we heard brief argument, and then announced that the conviction would be reversed and a new trial directed. This memorandum gives our reasons for so concluding.
Defendant was arrested early in the evening of February 10, 1959 and charged with driving while under the influence of intoxicating liquors. N.J.S.A. 39:4-50. He pleaded *216 not guilty. The municipal magistrate thereafter heard testimony at two evening sessions. The State presented its witnesses, including a medical expert, and rested. The matter was then adjourned to another evening at defendant's request, at which time the State was permitted to reopen its case to present additional testimony. Defendant produced a witness who had seen him just prior to his arrest, and also a doctor who, in answer to hypothetical questions, said that defendant was probably not under the influence of intoxicating liquor at the time and place of the alleged offense, but was suffering from shock.
After both sides had summed up, the magistrate announced that he had no doubt of defendant's guilt. He said that any doubt that might have been engendered by the testimony was completely dissipated by the fact that he himself had seen defendant at police headquarters shortly after the arrest and so knew of his condition at the time. He further stated that in case there was an appeal to the County Court for a trial de novo, he would undoubtedly be a witness for the State. It appears that defendant did not know or have reason to believe that the magistrate had any personal knowledge of the facts. Nor did his attorney know that the magistrate had such information, or had reached any private conclusion or was in any way disqualified from sitting in judgment, until he announced what he had observed on the evening of the arrest. The moment the magistrate did so, defense counsel requested that he disqualify himself. He declined to do so, proceeded to find defendant guilty, and imposed a fine of $200 and $25 costs. Motion for leave to appeal followed.
An appeal from a judgment of conviction in the municipal court is ordinarily taken to the County Court of the county where the municipal court is located, in accordance with the provisions of R.R. 3:10 and 2:2-1. R.R. 8:11-1. However, the existence of a direct appeal to the Appellate Division upon leave granted to do so is recognized by R.R. 2:12 (formerly Rule 4:5). Its availability *217 is strictly confined to extraordinary cases, such as where the jurisdiction of the municipal court is questioned on persuasive grounds or the complaint is palpably defective. State v. Yaccarino, 3 N.J. 291, 296 (1949); State v. Ahrens, 25 N.J. Super. 201, 209 (App. Div. 1953). As was observed by the court in State v. Menke, 25 N.J. 66, 70 (1957), direct appeal under R.R. 2:12 is discouraged because of the broad area of recourse to the County Court; therefore, "leave to bypass that court will be granted only where the interests of justice manifestly require it." We consider such to be the case here.
The magistrate should have immediately disqualified himself because of his personal knowledge of defendant's condition. It is claimed that he had no real occasion to use that knowledge in determining guilt because the State's case was unusually strong and convincing. Even so, the argument is without persuasive weight. The question is not whether the magistrate actually resorted to his firsthand information in assessing the merits of the case. The evil resided in the possibility of his consciously or unconsciously doing so.
Here the magistrate's knowledge or impression of defendant's physical state was something that lay outside the record. Defendant had no opportunity to test its trustworthiness, or to explain or rebut it. Under the circumstances, to permit the conviction to stand would offend every standard of fair play and amount to depriving defendant of due process. Cf. our recent decision in Susquehanna Transit Commuters Ass'n v. Board of Public Utility Com'rs., 55 N.J. Super. 377, 408 et seq. (App. Div. 1959); and cases there cited.
It is suggested that disqualification of a judge must be limited to the grounds set forth in N.J.S. 2A:15-49. Reliance is placed on Clawans v. Waugh, 10 N.J. Super. 605, 612 (Dist. Ct. 1950). That was a county district court case, and the limitation was intimated by way of dictum. But see Clawans v. Schakat, 49 N.J. Super. 415, *218 420 (App. Div. 1958). Disqualification is not to be limited arbitrarily to cases of kinship, personal interest in the litigation, or prior representation of a party. There are areas beyond these where a judge may not sit in judgment, and this case presents just such a situation. A judge should not preside over a trial where he possesses privately acquired knowledge of the central, determinative fact of the case  knowledge never revealed to the parties until judgment is about to be pronounced.
The situation we deal with is not as extreme as that in State v. Muraski, 6 N.J. Super. 36 (App. Div. 1949), where the magistrate, who was almost run over by defendant, had him examined to determine whether he was intoxicated, subscribed to the complaint charging drunken driving, and then proceeded to hear the matter over objection. However, it is of a piece with what was offensive to the sense of justice in that case and in others like it, where the judge or tribunal proceeded to judgment on the basis of personal knowledge. We do not question the representation made by the State that the magistrate here was without actual bias and tried to hold the scales in fair balance. However, it is of the very essence that justice avoid even the appearance of injustice; otherwise courts and judges stand suspect.
The judgment of conviction is reversed and the matter will be remanded to the municipal court for a new trial.