IN RE ADVISORY OPINION
ON PROFESSIONAL ETHICS NO. 361.

Argued April 11, 1978—Decided July 19, 1978.

*Ms. Sara A. Friedman* argued the cause for petitioners.

*Ms. Ileana N. Saros,* Deputy Attorney General, argued the cause on behalf of *amicus curiae* Attorney General of New Jersey (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Ms. Saros, Mr. David S. Baime,* Assistant Attorney General and *Mr. John DeCicco,* Deputy Attorney General, of counsel and on the brief).

*Mr. Daniel J. O'Hern* argued the cause on behalf of The Advisory Committee on Professional Ethics.

PER CURIAM. Petitioners are a number of assistant county prosecutors who moved pursuant to *R*. 1:19–8 for review of Opinion No. 361 of the Supreme Court's Advisory Committee on Professional Ethics. We granted the petition and heard oral argument. The Attorney General and the County Prosecutors Association were permitted to intervene.

Opinion No. 361 reads as follows:

We have two inquiries as to whether a firm may represent defendants who were investigated or under indictment during the time an associate of the firm was on the staff of the county prosecutor concerned with the matters.

In our opinion it may not. *In re Biederman*, 63 *N. J*. 396 (1973) ; *State v. Rizzo*, 69 *N. J*. 28 (1975) ; and the Opinions of this Committee, *Opinion* 340, 99 *N. J. L. J*. 610 (1976) ; *Opinion* 276, 96 *N. J. L. J*. 1461 (1973) ; and *Opinion* 207, 94 *N. J. L. J*. 451 (1971). In these opinions we made it clear that the fact the assistant prosecutor had no connection whatever with the investigation or with the preparation of the case is immaterial.

It is suggested that since the information in some of the prosecutor's files may be fully discoverable by the defense, there is no reason to impose the bar. But the rule of the above cases and opinions is based on the unacceptable appearance of possible impropriety to the general public. And in such matters consent of the public official or agency fails to remove the risk of the appearance of impropriety.

Petitioners contend that the Opinion is overbroad and that assistant county prosecutors should be prevented only from handling matters in which they, in their governmental capacity, had a substantial responsibility. They buttress this contention by reference to Disciplinary Rule 9–101(B) as the underlying guideline applicable to attorneys who have left public and accepted private employment.

Disciplinary Rule 9–101, entitled "Avoiding Even the Appearance of Impropriety," provides in subparagraph B that:

A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

The Disciplinary Rule has two basic objectives. First, it is intended to prevent a conflict of interest inherent in an

attorney's having represented one side in an adversarial proceeding and then representing the opponent.[1] Second, it is also designed to avoid the appearance of impropriety arising out of an association with one side and then switching to the other. Both are areas of concern.

Focusing on the conflict of interest element, we find that under the Disciplinary Rule a public employee's "substantial responsibility" with respect to a case would *per se* act as a bar to representation. The phrase "substantial responsibility" does not lend itself to a precise definition. However, everyone agrees that, if an assistant county prosecutor had been responsible for a matter while in the prosecutor's office, he should be disqualified from affiliating himself in the same or related matter upon leaving his public employment. A clue to the extent and nature of that responsibility which warrants disqualification is found in the predecessor of the Disciplinary Rule, ABA Canons of Professional Ethics No. 36, which stated in pertinent part:

A lawyer, having once held public office or having been in the public employ, should not after his retirement accept employment in connection with any matter which he has investigated or passed upon while in such office or employ.

We believe that the modification in language from "investigated or passed upon" to "substantial responsibility" has not altered the nature of conflicts of interest. See *In re Biederman*, 63 *N. J.* 396, 397, 399–400 (1973). But *cf.* ABA Comm. on Ethics and Professional Responsibility, Opinions, No. 342 at 7 (1975).

 If the assistant county prosecutor has investigated or participated in an investigation in any manner or to any extent, he should be foreclosed from representing in that or any related matter any person who had been the subject

---

[1]See DR 4–101, "Preservation of Confidences and Secrets of a Client."

of that investigation or is indicted or tried as a result of that investigation. ABA Opinion 26[2] explained that the intent of Canon 36 was to forbid a lawyer from accepting employment in any matter involving the "same facts as were involved in any specific question which he had previously investigated while in public office or public employ." See also ABA Comm. on Professional Ethics, Opinions, No. 39 (1931) and No. 135 (1935).

Examples of disqualification arising out of representations involving the same parties or the same subject matter are found in the cases. In *In re Biederman,* 63 *N. J.* 396 (1973), we held that an attorney who, while in the Attorney General's office, had instituted and appeared for the State in proceedings to disqualify a company from bidding on construction contracts with the State, was prohibited from representing that company in seeking to be reinstated as a qualified contractor.

In *Allied Realty of St. Paul, Inc. v. Exchange Nat'l Bank of Chicago,* 283 *F. Supp.* 464 (D. Minn. 1968), aff'd 408 *F. 2d* 1099 (8th Cir. 1969), a special assistant to the U. S. Attorney prosecuted an indictment against three bank employees for criminal activity related to a mortgage transaction on behalf of a bank. The same attorney was disqualified when he sought to represent a receiver of the bank in an action against the mortgagees. A comparable situation existed in *Hilo Metals Co., Ltd. v. Learner Co.,* 258 *F. Supp.* 23 (D. Haw. 1966). An attorney, while in the Department of Justice, had participated in actions against certain companies for Sherman and Clayton Act violations. Thereafter, his attempt to represent another company when it sought treble damages against one of the original defendants was held improper.

Nor need the attorney's participation in the state's investigation be of a substantial nature. Any actual knowledge of

[2]ABA Comm. on Professional Ethics and Grievances, Opinions, No. 26 (1930).

facts obtained by virtue of the office will suffice. In *State v. Lucarello,* 69 *N. J.* 31 (1975), aff'g o.b. 135 *N. J. Super.* 347 (App. Div. 1975), an assistant prosecutor listened to some tape recordings which were related to offenses committed after the assistant prosecutor had vacated his position. The Appellate Division wrote that

> [h]aving had a part in the investigation of alleged criminal activity in the Orange Police Department while first assistant prosecutor, Ford is disqualified at any time from representing a defendant charged with attempting to keep from the grand jury evidence of such alleged criminal activity. Public confidence in the bar can demand no less. [135 *N. J. Super.* at 353 (footnote omitted)]

In addition to actual knowledge, responsibility, whether exercised or not, over the subject matter is automatically disenabling. Thus, a county prosecutor should not represent anyone in any criminal matter which has been pending, whether in the investigatory stage or otherwise, in the office while he was prosecutor. The same rule would normally apply to the first assistant. Furthermore, when there is a sharing of that responsibility with other assistant prosecutors, disqualification of those assistant prosecutors over these matters is in order.

In *In re Biederman, supra,* we wrote:

> The ethical requirement that an attorney who has been a public employee may not, upon retirement, act on behalf of a private client in any matter upon which he was engaged in the public interest is neither new, ambiguous nor difficult to understand. In *Formal Opinion 134 of the American Bar Association* (1935) it was held that an attorney formerly employed by a state's attorney's office might not, after retiring to private practice, either defend cases that originated while he was connected with that office or defend persons against whom he had aided in procuring indictments. In *N. J. Advisory Committee on Professional Ethics,* Opinion 207, [94] *N. J. L. J.* 451 (1971) the same result was reached upon substantially identical facts, even though the attorney had played no part in the investigation and prosecution which had taken place while he was an assistant county prosecutor. Similarly a district attorney who has prosecuted a defendant and secured a conviction may not, after retiring from pub-

lic service, represent the defendant in attempting to secure his release. *Maru, Digest of Bar Association Ethics Opinions,* Opinion 1578, p. 183. See also *Drinker, Legal Ethics* 130–31; *N. J. Advisory Committee on Professional Ethics,* Opinion 111, 90 *N. J. L. J.* 361 (1967). * * * [63 *N. J.* at 399–400]

We believe that the language that disqualification follows "even though the attorney had played no part in the investigation and prosecution" or because the case "had originated while he was connected with that office" is somewhat overbroad. Of course, actual responsibility for or participation in any aspect of a proceeding is, as stated above, disqualifying. And where the attorney because of his or her status becomes aware of any information or material on a matter pending in the prosecutor's office, then he or she should refrain from related private employment, even though no other responsibility had existed.[3] *Cf. United States v. Standard Oil Co.,* 136 *F. Supp.* 345, 360–363 (S. D. N. Y. 1955). But where each of these factors is missing, then a conflict of interest does not exist.

We believe that proper ethical conduct requires that an assistant prosecutor, upon leaving public office, should refrain from handling any matter or representing any client based on the guidelines we have stated. It is also our opinion that the members and associates of a law firm with which he becomes associated should likewise be disqualified. *State v. Rizzo,* 69 *N. J.* 28, 30 (1975). *Cf.* DR 5–105(D).[4]

We have previously adverted to the policy that a lawyer should avoid even the appearance of professional impropriety.

---

[3]We see a much greater likelihood of disqualification of those from a prosecutor's office small in number than in one with a large staff, for the possibility of sharing in resolution of problems — legal, factual, and investigative — are undoubtedly greater when there are but a few assistant prosecutors.

[4]DR 5–105(D) reads as follows:
If a lawyer is required to decline employment or to withdraw from employment under DR 5–105, no partner or associate of his or his firm may accept or continue such employment.

One ethical consideration underlying DR 9–101(B) is that a lawyer leaving public employment and then representing interests adverse to his previous office gives "the apppearance of impropriety even if none exists." ABA, Code of Professional Responsibility and Code of Judicial Conduct, EC 9–3 at 35 (1971). See discussion in *In re Cipriano,* 68 *N. J.* 398, 403 (1975). In *State v. Rizzo, supra,* 69 *N. J.* at 30, we said:

> There is no suggestion that either [of the defense counsel] had made use of information acquired in his previous official capacity. However, a lawyer must avoid even the appearance of impropriety, DR 9–101, to the end that the image of disinterested justice is not impoverished or tainted. Thus it is that sometimes an attorney, guiltless in any actual sense, nevertheless is required to stand aside for the sake of public confidence in the probity of the administration of justice.

 The importance of this policy has been stressed by our Advisory Committee in Opinion No. 361. We believe that in furtherance of that end an assistant county prosecutor, even if not otherwise disqualified, should not appear in any criminal matter in any capacity against the State in the county in which he served for a period of six months from the date of termination of his public employment. However, such disqualification from making appearances is personal to the assistant county prosecutor and will have no effect upon the propriety of representation of defendants by any member of the law firm.

By emphasizing that disqualification exists only when the attorney has had a personal involvement to a material degree with the particular matter, the ABA Committee on Ethics and Professional Responsibility has taken a less restrictive approach to disqualification of public employees than we do. ABA Comm. on Ethics and Professional Responsibility, Opinions, No. 342, *supra* at 9. In balancing the policy considerations in support of the ABA Committee's view, namely, that a broad approach to disqualification will

adversely affect the ability of government to recruit young professionals and will interfere with the right of litigants to obtain counsel, as against the dangers incident to conflicts of interest and the appearance of impropriety affecting public confidence in the bar, we conclude that our approach is the more salutary one.

In summary, then, an assistant county prosecutor may not represent a defendant in any matter in which he participated while in the prosecutor's office. Such participation includes any aspect of investigation, trial preparation or trial. It also includes matters which he had passed upon or for which he had had any responsibility. He would also be disqualified if he had acquired knowledge of any particular matter. In all these circumstances, his law firm or associates may not represent any of the defendants involved. Furthermore, an assistant county prosecutor shall not appear in a criminal matter in the county in which he had served for a period of six months from the date when his status with the State and county has been severed. This latter disqualification shall not affect representation of defendants in that county by the law firm or associates.

These standards by their very nature must be general and, in a given situation, may be difficult of application. Like all disciplinary rules, though, our ruling herein is dependent on the integrity of the bar and its willingness to cooperate in conforming with these guidelines.

Opinion No. 361 is approved as modified.

*For modification*—Chief Justice HUGHES, Justices SULLI-VAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*Opposed*—None.