**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0425-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARIUS M. WILSON,

    Defendant-Appellant.

_____

Submitted October 9, 2018 – Decided December 10, 2018

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 06-01-0001.

Joseph E. Krakora, Public Defender, attorney for appellant (Rasheedah R. Terry, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darius Wilson appeals from a June 24, 2016 order denying his petition for post-conviction relief (PCR). On this appeal, he presents the following points of argument:

POINT I. THE PCR COURT ABUSED ITS DISCRETION WHEN THE COURT FOUND THAT [RULE] 3:22-12(a) BARRED DEFENDANT'S PETITION FOR PCR.

A. DEFENDANT PRESENTED SUFFICIENT FACTS TO SHOW EXCUSABLE NEGLECT [SIC] DEFENDANT.

B. THE APPLICATION OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL UNFAIRNESS.

POINT II. THE PCR COURT'S ORDER THAT DENIED DEFENDANT'S PETITION FOR PCR MUST BE REVERSED OR THE MATTER REMANDED BECAUSE THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDINGS BELOW.

A. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO REQUEST A MISTRIAL.

1. Trial counsel failed to seek a mistrial due to an eleven[-]day interruption in deliberations.

2. Trial counsel did not seek mistrial when the jury had close interactions with a court employee who had the same last name as the alleged victim, Hogate.

2

B.    TRIAL COUNSEL'S FAILURE TO EXPLAIN THE TERMS OF A PLEA OFFER TO DEFENDANT AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL.

C.    APPELLATE    COUNSEL    PROVIDED INEFFECTIVE ASSISTANCE ON DIRECT APPEAL.

    1.  Appellate counsel unreasonably failed to challenge the trial court's amendment to count one on direct appeal.

    2.  Appellate counsel rendered ineffective assistance of counsel to the extent counsel failed to raise any of defendant's other claims on direct appeal.

POINT III.    PCR COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION FOR RECUSAL.

POINT IV.    THE PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

Having reviewed the record in light of the applicable legal standards, we affirm in part, reverse in part, and remand for a new PCR evidentiary hearing regarding ineffective assistance claims against appellate counsel.

We need not detail the trial evidence because it is fully addressed in our opinion affirming defendant's conviction and sentence, State v. Wilson, No. A-3488-06 (App. Div. Mar. 4, 2009), a summary will suffice.

On September 23, 2005, a ninety-five year-old man (the victim) was struck in the side of the face by a man while using the restroom at a McDonald's in Salem. The assailant then grabbed plaintiff, pushed him into a corner, and took his wallet. The victim sustained serious injuries, including a lacerated hand, broken jaw, and cracked chin bone. After the incident, the assailant exited the bathroom and ran out of the restaurant. The victim was unable to identify his assailant, but a customer heard him yelling and saw him chasing a man in a white t-shirt.

Surveillance video revealed the man going into the bathroom after the victim entered, and leaving soon after the victim staggered out of the bathroom following the assault. Defendant was subsequently identified as the man depicted in the video.

Four days later, two parole officers arrived at defendant's home. As they were entering, a marked police car drove past and defendant became frantic and refused a request to come outside. After a scuffle, defendant was arrested for resisting arrest and aggravated assault on a parole officer.

Defendant was indicted for first-degree robbery through the infliction of bodily injury by use of a deadly weapon, N.J.S.A. 2C:15-1; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree possession of a weapon

for an unlawful purpose, N.J.S.A. 2C:39-4; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:3-5(d); fourth-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a).

At the close of the State's case, defendant moved for acquittal of all charges except the aggravated assault charge. Relevant to this appeal, defendant argued there was no testimony to support the weapon-related charges. In its opposition, the State acknowledged the victim testified he did not know what the assailant hit him with, but argued that his statement "coupled with the injuries that [he] suffered" was enough evidence to provide a reasonable inference that a deadly weapon was used in the assault. Noting the State only presented evidence of second-degree robbery because there was no evidence that a weapon was used to establish first-degree robbery through the infliction of bodily injury by use of a deadly weapon, the judge was initially inclined to amend the first-degree robbery charge to second-degree robbery, and dismiss the charges of possession of a weapon for an unlawful purpose, and unlawful possession of a weapon. However, after hearing further argument, the judge ordered that the first-degree robbery charge would be submitted to the jury on the theory that defendant inflicted serious bodily injury during the course of

committing a theft, but he dismissed the other weapons charges. Thus, the judge amended the indicted charge of first-degree robbery.

The jury was instructed on first-degree robbery, the lesser-included offense of second-degree robbery, the lesser-included offense of theft, and second-degree aggravated assault. Because the jurors were unable to reach a verdict by 4:00 p.m. on the Friday preceding Thanksgiving week, and were not available to resume until after Thanksgiving week, the judge recessed their deliberations. Before the jurors were dismissed, the judge reminded them not to discuss the case with anyone or read any accounts of the case while the matter was in recess.

On the Monday following Thanksgiving, the jury returned a guilty verdict of first-degree robbery and second-degree aggravated assault with a deadly weapon.

On January 9, 2007, after merger, defendant was sentenced to fifteen-years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1] His

---

[1] Defendant's judgment of conviction incorrectly states that he was found guilty of second-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2), when in fact he was charged with and found guilty of second-degree aggravated assault causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1).

6

conviction and sentence were affirmed on direct appeal. <u>Wilson</u>, No. A-3488-06.

On March 19, 2013, a little over six years after his conviction, defendant filed a pro se petition for PCR alleging that both trial and appellate counsel provided ineffective assistance.[2] On November 8, the PCR judge determined the petition was time-barred under <u>Rule</u> 3:22-12 because it was filed five years after defendant's conviction.

Defendant subsequently appealed, and our court reversed and remanded so the PCR judge could provide the reasons for his factual and legal conclusions. <u>State v. Wilson</u>, No. A-2959-13 (App. Div. June 15, 2015). The judge issued a letter opinion on July 7, 2015, reiterating that defendant's claims against trial counsel were time-barred, but determined that his claims against appellate counsel were timely and ordered an evidentiary hearing to address them.[3]

Because the PCR judge retired, another judge was assigned to preside over the evidentiary hearing. Defendant moved to recuse the second judge; raising concerns about a potential conflict of interest and her ability to be unbiased because she was called by the State to testify as a fact witness in a different PCR

---

[2] Defendant's first petition for PCR was deficient, but was later amended.

[3] The State's reconsideration motion was denied.

hearing involving her former client, who was being represented by defendant's PCR counsel. On March 30, 2016, the judge entered an order denying the motion for the reasons set forth in the record.

The judge subsequently conducted the evidentiary hearing, and on June 27, issued an order and written opinion denying defendant's PCR petition. This appeal followed.

We address defendant's arguments in the order presented.

Timeliness of PCR Petition

In Point I, Defendant contends the initial PCR judge erred in determining that his ineffective assistance claims against trial counsel were time-barred under Rule 3:22-12. Defendant alleged that trial counsel was ineffective because he failed to: (1) move to sever from trial the counts of fourth-degree aggravated assault on a law enforcement officer and fourth-degree resisting arrest; (2) explain the terms of the State's plea offer; (3) move for a mistrial on the basis that a court staff member had the same last name as the victim and there was an eleven-day lapse in deliberations; and (4) seek an adjournment of his sentencing so to accommodate defendant's family. Defendant asserts the time-bar denying these claims should be relaxed because he had excusable neglect in not filing within five years: he was waiting on appellate counsel to

inform him regarding the Supreme Court's decision on his petition for certification to appeal his conviction and sentence, which counsel did not inform him was denied.

A first PCR petition cannot be filed more than five years after the date of entry of the judgment of conviction "unless[] it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A); State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

In determining whether to relax the time bar, a court should consider "'the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" State v. McQuaid, 147 N.J. 464, 485 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997). "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a

procedural rule otherwise barring post-conviction relief may be overlooked to avoid a fundamental injustice." Brewster, 429 N.J. Super. at 400 (quoting Mitchell, 126 N.J. at 587). The court must view the facts alleged in a light most favorable to the petitioner. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In his written decision, the initial PCR judge stated that "[e]ven if [defendant's] appellate counsel never advised him of the outcome of his appeal, that attorney had no professional responsibility to file a [PCR] [p]etition," and noted that defendant was aware of the five-year time bar. The judge reasoned that since defendant was well-aware of the time-bar to file a PCR petition, had he filed before his direct appeal was decided by our court or the Supreme Court, the petition would have been dismissed without prejudice and, according to Rule 3:22-12(a)(3), he had the right to refile within ninety days of an appellate disposition. The judge determined that "there are no facts to support [defendant's] claim of excusable neglect with regard to his ineffective assistance of counsel claims related to his trial counsel."

Under these principles, we are constrained to disagree with the judge's determination that defendant's PCR petition was time-barred, as excusable neglect existed in defendant's late filing for PCR. Defendant contended that

despite letters to appellate counsel's office and family members' attempts to contact counsel, he did not find out until early 2013 that his petition for certification was denied. Even though appellate counsel was under no obligation to represent defendant in a PCR matter, he was obligated to notify him of the results of the appeal so that he could decide whether to proceed for PCR. Defendant reasonably waited until he was belatedly advised about the Supreme Court's denial of certification before he took any action against either his trial counsel or appellate counsel. His delay in filing his PCR petition was not excessively long, approximately fourteen months after the five-year filing period expired.

We also take issue with the judge's application of Rule 3:22-12(a)(3), as it does not require defendant to file for PCR while awaiting the outcome of his direct appeal. Defendant merely had to file within five years of his conviction unless, as we conclude here, excusable neglect exists for a late filing. In fact, a PCR petition is not "a substitute for appeal from conviction . . . , and may not be filed while such appellate review or motion is pending." R. 3:22-3.

Lastly, defendant's excusable neglect is not overcome by the State's contention that it is prejudiced if a re-trial is ordered because of the death of two key witnesses, the victim and the restaurant patron who saw the victim chase

A-0425-16T3

defendant from the bathroom. Their testimony has been preserved by the record, which the State could present to the jury.

Although defendant had excusable neglect in filing a late PCR petition, we do not conclude a fundamental injustice will result by barring his claims. To demonstrate ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

New Jersey law does not support defendant's argument that counsel should have requested a new trial because there was an eleven-day break in deliberations. In fact, even New York's "continuous deliberations rule" cited by defendant only applies when a disruption in deliberations occurs for reasons other than a holiday. N.Y. Crim. Proc. Law § 310.10. The trial began the week preceding Thanksgiving week, and when the jury did not reach a verdict by the week's conclusion, the trial judge recessed deliberations until the Monday after

12

Thanksgiving because many of the jurors indicated they would be unavailable. Before dismissing the jury for the long break, the judge instructed the jury of its responsibilities during the recess. There is no evidence of outside influence on the jury during the break, and without any evidence to the contrary, the presumption is the jury followed the judge's instructions. State v. Manley, 54 N.J. 259, 270 (1969). Trial counsel cannot be held ineffective for failing to raise a losing argument. State v. Echols, 199 N.J. 344, 360-61 (2009); see also State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel.") (citing Strickland, 466 U.S. at 688; Fritz, 105 N.J. at 52).

Defendant next argues that counsel should have moved for a mistrial because a court staff member had the same last name as the victim. He asserts "[i]t is conceivable that the jury presumed she was related to the victim because the trial court did not make an effort to inform them that she was not related to him." The record belies this contention because the trial judge explicitly stated before the jury that there was no relation between the staff member and the victim. Moreover, there is no factual support for the assertion that the jury believed there was a familial relationship between the staff member and the victim. Cummings, 321 N.J. Super. at 170 (holding a defendant "must allege

13

facts sufficient to demonstrate counsel's alleged substandard performance").

Because a motion for mistrial would not have been granted under these circumstances, no ineffective assistance existed for not filing such motion.

Lastly, defendant asserts that counsel was ineffective because he failed to explain the terms of a plea offer to him. Defendant certified:

> Shortly after the first witness [(the victim)] in the trial[,] I was told by my attorney that I could accept a plea offer calling for five years subject to NERA and 18 months for an additional charge. I believed that this was not an actual plea offer because of the comments previously made by the court. My attorney did not explain to me why the State made this offer and I rejected only because I did not believe I could accept it given the court's directive that I would not be able to accept an offer once [the] trial started. Had I know[n] that the offer was valid and available to me, I would have accepted this plea offer.

A defendant can challenge his rejection of a plea offer by claiming he was not afforded "'the effective assistance of competent counsel.'" Lafler v. Cooper, 566 U.S. 156, 162 (2012) (citation omitted). Moreover, "viewing the facts alleged in the light most favorable to the defendant," we must assume trial counsel gave the advice defendant alleges, where there is nothing in the record to show otherwise. See R. 3:22-10(b).

The Lafler Court held that where deficient advice leads to the rejection of a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.
>
> [Lafler, 566 U.S. at 164.]

Here, defendant fails to provide any evidence that a plea offer was extended during trial. In fact, his certification confusedly claims that he did not believe there was an "actual plea offer," and that had he known "the offer was valid and available to [him], [he] would have accepted this plea offer." Moreover, despite the equivocal nature of his certification, he illogically asserts that counsel told him "that [he] could accept a plea offer calling for five years subject to NERA and 18 months for an additional charge" but rejected it "because [he] did not believe [he] could accept it given the court's directive that [he] would not be able to accept an offer once the trial started." If defendant was willing to accept such a lesser offer to avoid trial and the exposure of a much more significant sentence if found guilty of a first-degree offense, it made no sense that he chose not to accept the offer because he felt the judge would not accept his plea due to a plea cut-off.

15

Yet, even if we assume there was an actual plea offer, defendant has not demonstrated ineffective assistance. Since there was a plea cut-off after defendant executed a pre-trial memorandum, he must show that the plea agreement would have received "the approval of the Criminal Presiding Judge based on a material change of circumstance, or the need to avoid a protracted trial or a manifest injustice." R. 3:9-3(g). Defendant proffers no facts that he would have been able to meet this requirement.

Ineffective Assistance Claims Against Appellate Counsel

In Point II, defendant raises contentions that the second PCR judge erred in finding, after an evidentiary hearing, that he failed to show appellate counsel provided ineffective assistance by not arguing that the trial judge erred in charging defendant with first-degree robbery. Claims of ineffective assistance of appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record, but were never raised as issues on appeal. See Echols, 199 N.J. at 359-61. To obtain a new trial based on ineffective assistance of appellate counsel, it must be established that appellate counsel failed to raise an issue that would have constituted reversible error on direct appeal. See id. at 361. Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not

A-0425-16T3

have prejudiced the defendant because the appellate court would have found, either, that no error had occurred or that it was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); see also State v. Harris, 181 N.J. 391, 499 (2004).

Before we can address the soundness of the judge's rejection of defendant's claim that appellate counsel was ineffective, we must assess defendant's contention in Point III that the judge abused her discretion in not granting his motion to recuse herself. Specifically, defendant asserted it was due to his reasonable belief that she could not render a fair decision. The judge was called to testify in an unrelated PCR petition for ineffective assistance brought against her by a former client,[4] who was represented by defendant's PCR counsel, and defendant doubted her ability to be unbiased towards him when his counsel would be critical of her competency as a lawyer.

Defendant cites Rule 1:12-1(g), which provides that a judge shall be disqualified and precluded from sitting on certain matters, including those in which there is "any . . . reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." He relies upon In re Reddin, 221 N.J. 221, 223 (2015), where the Court recognized that under the rule, a judge is disqualified from a matter if an

---

[4] The judge's representation dates back to 1992.

individual, who observes the judge's conduct, would have "a reasonable basis to doubt the judge's integrity and impartiality[.]" Defendant also points out that our legal system is framed by our federal constitution, and strives to avoid situations where a judge makes decisions in a case "in which he has been the target of personal abuse or criticism from the party before him." Withrow v. Larkin, 421 U.S. 35, 47 (1975) (citation omitted).

The State argues the judge properly denied the recusal motion because there is no merit to defendant's contention that the judge "would have a negative reaction to being called as a witness by [his] PCR counsel in another unrelated PCR related to her performance on a different case over two decades ago and somehow take it out on the defendant in the instant matter." In support of its contention, the State points to the judge's explanation that there was no "'factual support' that she would 'retaliate' against PCR counsel by denying defendant relief simply because she was called as a witness in" the unrelated PCR matter.

Under the circumstances presented here, we conclude that the judge mistakenly applied her discretion in denying the recusal motion. This is not to say, that we believe the judge acted in an unfair or biased manner in rejecting defendant's claim that his appellate counsel provided ineffective assistance because she was charged with ineffective assistance of counsel and would be

questioned by defendant's counsel in an evidentiary hearing. For that is not the test we apply when considering the denial of defendant's motion.

As our Court held in DeNike v. Cupo, in citing Canon 2A of the Code of Judicial Conduct, "[j]udges are to 'act at all times in a manner that promotes public confidence,' and 'must avoid all impropriety and appearance of impropriety.'" 196 N.J. 502, 514 (2008) (emphasis and internal citations omitted). A litigant need not "'prove actual prejudice on the part of the court' to establish an appearance of impropriety; an 'objectively reasonable' belief that the proceedings were unfair is sufficient." Id. at 517 (quoting State v. Marshall, 148 N.J. 89, 279 (1997)). Hence, judges must "'refrain . . . from sitting in any causes where their objectivity and impartiality may fairly be brought into question.'" Id. at 514 (quoting State v. Deutsch, 34 N.J. 190, 206 (1961)). "In other words, judges must avoid acting in a biased way or in a manner that may be perceived as partial. To demand any less would invite questions about the impartiality of the justice system and thereby 'threaten[] the integrity of our judicial process.'" Id. at 514 (alteration in original) (emphasis omitted) (quoting State v. Tucker, 264 N.J. Super. 549 (App. Div. 1993)).

A reasonable person, aware of the relevant facts, would have a reasonable basis to doubt the judge's integrity or his ability to handle the matter impartially

because her professional conduct as a lawyer, albeit almost twenty-five years ago, would soon be attacked by defendant's PCR counsel in an unrelated PCR matter. We find no merit in the State's contention that defendant was not the person challenging the judge's legal competency in the other PCR matter, as was the situation cited in <u>Withrow</u>, where the adjudicator was the "target of personal abuse or criticism from the party before him." 421 U.S. at 47. It is reasonable for a litigant to believe the outcome of a claim may possibly be impaired where the decision maker has been, or is about to be, criticized by the litigant's counsel, as was the case here. In hindsight, the judge should have taken the more cautious course of action and recused herself, regardless of her undoubtedly sincere belief that she would be unbiased in her adjudication. To avoid an appearance of impropriety, the judge should have recused herself under the circumstances presented.

Because we conclude the judge should not have presided over the evidentiary hearing, we are constrained from determining whether she erred in entering the June 27, 2017 order denying defendant's PCR claim against his appellate counsel. Accordingly, we reverse the order and remand to a different judge for a new evidentiary hearing.

Request for an Evidentiary Hearing

In Point IV, defendant contends the initial PCR judge[5] abused his discretion in denying his request for an evidentiary hearing for claims raised in Point II. The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. Because there are no disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record, State v. Porter, 216 N.J. 343, and defendant failed to set forth a prima facie case of ineffective assistance of counsel, State v. Preciose, 129 N.J. 451, 462 (1992), an evidentiary hearing was not warranted.

Affirmed in part and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Defendant does not indicate whether he is referring to the initial PCR judge or the second PCR judge, or both. Because the only issue before the second judge involved the claim against appellate counsel, for which an evidentiary hearing was held, we can only conclude that defendant was referring to the initial judge, who denied all of his ineffective assistance claims except those against appellate counsel.

A-0425-16T3