**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1132-20

FRAN BROOKS,

    Plaintiff-Appellant,

v.

TOWNSHIP OF TABERNACLE,
LASHAWN R. BARBER in her
official capacity as Municipal Clerk
and Records Custodian, JOSEPH
W. BARTON in his official capacity
as Mayor of Tabernacle and in his
personal capacity, KIMBERLY A.
BROWN in her official capacity as
Deputy Mayor of Tabernacle and in
her personal capacity, SAMUEL R.
MOORE, III in his official capacity
as Committeeman of Tabernacle and
in his personal capacity, STEPHEN
V. LEE, IV in his official capacity
as Committeeman of Tabernacle and
in his personal capacity, and
JOSEPH YATES, IV in his official
capacity as Committeeman of
Tabernacle and in his personal
capacity,

    Defendants-Respondents.

Argued May 31, 2022 – Decided July 22, 2022

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2065-19 and Mercer County, Docket No. L-1192-20.

Walter M. Luers argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys; Walter M. Luers, on the briefs).

William R. Burns argued the cause for respondents (Kalavruzos, Mumola, Hartman, Lento & Duff, LLC, attorneys; William R. Burns and Stephen J. Colianni, on the brief).

PER CURIAM

By verified complaint in lieu of prerogative writs filed in Burlington County, plaintiff Fran Brooks alleged violations of the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21, by defendant Township of Tabernacle and the individually named defendants – the Township's municipal clerk and five committee members (collectively, defendants). Among other relief, plaintiff sought judgment declaring defendants discussed public business via email exchanges contrary to the OPMA's requirements that such "meetings" be held in public, upon prior notice to the public.

Plaintiff claimed defendants violated the OPMA between May 31, 2019 and July 15, 2019, by exchanging emails among a quorum of the governing

2

body's members, who: (1) impermissibly deliberated about the attendees and speakers to be chosen for the annual memorial service, orchestrated by the American Legion Post 11; and (2) discussed who would be nominated for the Township's annual service award, presented at a local church. The complaint further alleged "older emails" exchanged between December 26, 2018 and December 30, 2018 established "a pattern of communicating among a quorum of the members of the governing body via email." The December 2018 emails pertained to the public safety director's resignation, and whether to address the resignation at an upcoming public meeting.

Plaintiff alleged she learned of the allegations on August 14 and 27, 2019. She filed her complaint on September 30, 2019.

After defendants answered the complaint, the Burlington County assignment judge (BCAJ) held a case management conference on December 13, 2019. Plaintiff thereafter moved to conduct discovery. See R. 4:69-4 (providing the court in actions in lieu of prerogative writs, unlike other Track IV cases, may determine "[t]he scope and time to complete discovery, if any"). Following oral argument on May 22, 2020, the BCAJ denied plaintiff's motion, finding the facts were undisputed.

 A-1132-20

Thereafter, plaintiff moved for reconsideration of the May 22 order, and sought to recuse the BCAJ and transfer the matter to another vicinage. Plaintiff argued her discovery motion should be reargued before a judge in another county because defense counsel had been appointed presiding municipal court judge for the Burlington vicinage prior to the May 22 return date and, as such, counsel "directly report[ed]" to the BCAJ. Notably, the substitution of defense counsel was executed on March 18, 2020, two months prior to the May 22 return date.

After hearing argument on July 1, 2020, the BCAJ denied plaintiff's reconsideration motion, finding plaintiff did not raise the recusal issue until a few weeks after "the court gave a negative ruling." But the BCAJ granted the recusal motion and transferred the matter to Mercer County. According to the BCAJ, the possibility existed that plaintiff would raise a future argument about defense counsel's conduct as the Township's attorney in the underlying matter.

On November 12, 2020, the Mercer County assignment judge (MCAJ) heard argument on the parties' ensuing motions: (1) plaintiff's motion for reconsideration of the BCAJ's May 22 order that denied her discovery application; (2) plaintiff's motion to amend the complaint, based on "new

4

evidence[] acquired through OPRA[1] requests"; and (3) defendants' cross-motion to dismiss the underlying complaint for failure to allege an OPMA violation. The following day, the judge issued three separate orders, denying plaintiff's motions and granting defendants' cross-motion. In granting defendants' dismissal motion, the judge determined plaintiff's motion to amend the complaint was moot.

Plaintiff now appeals from the adverse rulings set forth in the judges' memorializing orders. Because we conclude the allegations set forth in plaintiff's proposed amended complaint were time-barred under the OPMA and Rules of Court, we affirm the MCAJ's order denying plaintiff's motion to amend the complaint for reasons other than those expressed by the judge. See State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011) (stating an appellate court is "free to affirm the trial court's decision on grounds different from those relied upon by the trial court"); see also Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015). We further conclude two claims asserted in plaintiff's complaint failed to allege an OPMA violation and the third claim was untimely. We therefore affirm the MCAJ's ultimate dismissal of the action. Finally, we

---

[1] Open Public Records Act, N.J.S.A. 47:1A-1 to -13.

A-1132-20

discern no error in the BCAJ's denial of plaintiff's application for discovery in this case, her decision to deny reconsideration, or the MCAJ's decision to deny reconsideration.

I.

We first consider plaintiff's overlapping challenges to the MCAJ's denial of her motion to amend the complaint and dismissal of her complaint. Plaintiff contends the judge's interpretation of the emails at issue failed to meet the OPMA's strict compliance standard. Plaintiff further argues the judge's error was magnified by the decision to deny plaintiff's amendment motion. We disagree.

The OPMA "established procedures governing the conduct of meetings of public bodies" and made "explicit the legislative intent to ensure the public's right to be present at public meetings and to witness government in action." Kean Fed'n. of Teachers v. Morell, 233 N.J. 566, 570 (2018) (citing N.J.S.A. 10:4-7). "That legislative intent is balanced by an express recognition that public bodies must be allowed to exercise discretion in determining how to perform their tasks." Id. at 570 (citing N.J.S.A. 10:4-12(a)). The OPMA "should be 'liberally construed in order to accomplish its purpose and the public

policy of this State.'" McGovern v. Rutgers, 211 N.J. 94, 99-100 (2012) (quoting N.J.S.A. 10:4-21).

However, an OPMA violation must be filed in a timely manner. Pursuant to N.J.S.A. 10:4-15(a):

> Any action taken by a public body at a meeting which does not conform with the provisions of [the OPMA] shall be voidable in a proceeding in lieu of prerogative writ[s] in the Superior Court, which proceeding may be brought by any person within 45 days after the action sought to be voided has been made public . . . .

The Rules of Court are in accord. Rule 4:69-6(a) generally provides that actions in lieu of prerogative writs must be filed within forty-five days after the accrual of the right to the review, hearing, or relief claimed. However, Rule 4:69-6(c) permits an enlargement of the forty-five-day period "where it is manifest that the interest of justice so requires." Our Supreme Court has identified three categories that qualify under this exception: "'(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification.'" Borough of Princeton v. Bd. of Chosen Freeholders of Mercer Cnty., 169 N.J. 135, 152 (1975) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975)).

7

A.

Against these legal principles, we turn to plaintiff's first point, contesting the MCAJ's oral decision that denied plaintiff's motion to amend the complaint. Plaintiff argues the judge abused her discretion by deciding the motion to amend her compliant was moot without considering the merits of her proposed amendments.[2] Although we disagree with the MCAJ's reasoning, we are persuaded by defendants' responding argument that the allegations were untimely.

Pursuant to Rule 4:9-1, "[a] party may amend any pleading as a matter of course at any time before a responsive pleading is served." Any time after the responsive pleadings are filed, "a party may amend a pleading only by written consent of the adverse party or by leave of court." R. 4:9-1. The Rule directs that the court's permission to amend "be freely given in the interest of justice." Ibid. If the amended complaint arises "out of the conduct, transaction or

---

[2] Although not raised on appeal, defendants' dismissal application was incorrectly filed as a cross-motion. See R. 1:6-3(b) (providing "[a] cross-motion may be filed and served by the responding party together with that party's opposition to the motion and noticed for the same return date only if it relates to the subject matter of the original motion"). Defendants' cross-motion to dismiss the complaint did not relate to plaintiff's motion to amend the complaint. "An issue not briefed is deemed waived." W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 459 (App. Div. 2008); see also Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2022).

occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." R. 4:9-3. In such cases, the statute of limitations will not bar the amended claim.

The decision to either allow or deny amended claims is a fact-sensitive one and is subject to the trial court's sound discretion. See Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). "That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Ibid. On appeal, we review to determine whether the court's exercise of discretion was clearly abused. See Franklin Med. Assocs. v. Newark Pub. Sch., 362 N.J. Super. 494, 506 (App. Div. 2003).

In the present matter, the MCAJ determined plaintiff's motion to amend her complaint was moot after dismissing the underlying complaint on the merits. According to the judge, because the complaint was dismissed "there's nothing left to amend." In our view, however, the judge should have decided the motion to amend on the merits and then proceeded to defendants' "cross-motion" to dismiss the complaint. As noted, however, the cross-motion was improperly filed. Although we part company with the judge's procedural decision, we conclude the amended complaint failed to assert a timely OPMA violation.

Plaintiff moved for leave to file her proposed amended complaint on September 25, 2020, nearly one year after her verified complaint was filed on September 30, 2019. All but one of the alleged OPMA violations outlined in the proposed amended complaint allegedly occurred on various dates between December 20, 2017 and October 31, 2019 – more than forty-five days after plaintiff learned of the alleged violations in August 2019 and "other" unspecified dates alleged in the amended complaint. The other alleged OPMA violation asserted in paragraph twenty-five of the amended complaint stems from an "undated email," which was sent "in late 2019 or early 2020." Regardless of the exact date of transmission, this email does not fall within the forty-five-day time period.

Accordingly, we conclude all the alleged OPMA violations referenced in the amended complaint were untimely asserted under N.J.S.A. 10:4-15(a) and R. 4:69-6(a). Nor did the interest of justice require enlargement of the forty-five-day requirement under Rule 4:69-6(c), or under the exceptions recognized by the Court in Brunetti, 68 N.J. at 586. We therefore affirm the judge's decision denying amendment of the complaint.

A-1132-20

B.

We turn to the MCAJ's oral decision on summary judgment. The judge generally addressed the lack of authority defining "what's appropriate and what crosses the line" regarding "informal communications among administration" of a public body, here, "the municipal clerk and . . . members of the committee." The judge noted the "practical consideration" and "certain dynamic that goes on in terms of needing to communicate . . . with members of the public body to make sure that they have information to enable them to participate in the meetings." The judge found no governing law that "gave much guidance in terms of . . . what a realistic line would be in regard to informal communication and administrative communication."

Addressing plaintiff's specific allegations, the MCAJ first considered the email exchanges regarding the memorial service. Noting the emails were initiated by the deputy municipal clerk/administrative assistant to three committee members, the judge found the subsequent exchanges were merely an attempt to "get consensus" regarding who would speak and present the award. Applying the OPMA to communications as to whether a committee member was "going to attend an event or not" would be "an extreme application of the statute that really doesn't get to the heart of what OPMA's about," i.e., "openness" and

11

"transparency." In reaching her decision, the judge was persuaded "that event apparently [was] run and organized by American Legion Post 11" and, as such, was "not a Township of Tabernacle event." The judge thus found the "informal exchanges among committee members" regarding attendance at the memorial service did not rise to an OPMA violation.

The MCAJ similarly found the Church of the Holy Eucharist Pine Barrens Festival Service Award was "not a Township award." The judge recognized the mayor's email, proposing a certain nominee and seeking "a second in consensus" tended to "suggest that [the action] was something that would normally happen at a public meeting." Noting the email exchange was initiated by the municipal clerk to three committee members and some administrative officials, the judge concluded the mayor's proposed nomination for the service award did not fall within the type of public business recognized under the OPMA.

Finally, the MCAJ rejected plaintiff's contention that the email exchanges concerning the public safety director's resignation rose to an OPMA violation. The judge found the central focus of the emails was a discussion between the mayor and a committee member as to whether the resignation would be discussed at the upcoming committee meeting or postponed to the following meeting. According to the judge, "what was really important [wa]s what

happened at the meeting." Moreover, the "informal back and forth" email exchange did not include a "discussion among three people."

Accordingly, the MCAJ granted the Township's summary judgment cross-motion. Alternatively, the judge found even if the exchanges constituted OPMA violations, "they [we]re so de minimis as to not require . . . a declaratory judgment . . . or statutory injunction."

After de novo review, RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018), we reject plaintiff's contentions. We affirm summary judgment substantially for the reasons articulated by the MCAJ in her oral decision. Having employed the same standard as the motion judge, Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016), we conclude there are no material factual disputes and the MCAJ correctly determined plaintiff's allegations did not rise to OMPA violations.

We simply add none of the emails regarding attendance and remarks at the memorial service, and nominations for the service award, pertained to public business. Indeed, the memorial service was conducted by the American Legion; the service award was given by the church. The emails were informal exchanges; no public business was discussed; no public action was taken.

A-1132-20

Moreover, the December 2018 emails pertaining to the public safety director's resignation, were untimely asserted under both N.J.S.A. 10:4-15(a) and Rule 4:69-6(a). Similar to plaintiff's proposed amended complaint, we conclude neither the interests of justice, see R. 4:69-6(c), nor the Brunetti exceptions, see 68 N.J. at 586, necessitated enlargement of the forty-five-day time period.

## II.

Lastly, we turn to plaintiff's remaining contentions that the BCAJ erroneously denied her application for discovery. To support her argument, plaintiff argues discovery was necessary to proceed on her claims because the "secret email meetings" were "difficult to expose." Plaintiff further claims both assignment judges should have vacated the discovery order because a conflict existed when the BCAJ rendered her decision. Finally, plaintiff contends the MCAJ applied the wrong standard when deciding her reconsideration motion. Although we agree the MCAJ applied the incorrect standard, we find the error inconsequential. We are unpersuaded by plaintiff's remaining contentions.

We review the BCAJ's discovery order for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). "[A]ppellate courts are not to intervene but instead will defer to a trial judge's discovery rulings absent an

abuse of discretion or a judge's misunderstanding or misapplication of the law." Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017).

Little need be said regarding the merits of the BCAJ's decision. As the judge correctly determined, the facts alleged in plaintiff's complaint were undisputed. See Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 246 (App. Div. 2009) (remanding an OPMA action where the plaintiff set forth a factual dispute to defeat summary judgment and leaving to the court's discretion the scope of the proceedings on remand, including whether further discovery was necessary). We therefore affirm substantially for the reasons expressed by the BCAJ, discerning no reason to disturb her decision. See Branch, 244 N.J. at 582; see also R. 2:11-3(e)(1)(E).

Unlike reconsideration motions to alter or amend final judgments and final orders, which are governed by Rule 4:49-2, a motion for reconsideration of an interlocutory order – as was the BCAJ's discovery order here – is governed by the "far more liberal approach" set forth in Rule 4:42-2. Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021). Rule 4:42-2 "declares that interlocutory orders 'shall be subject to revision at any time before the entry of final judgment

in the sound discretion of the court in the interest of justice.'" Ibid. (quoting R. 4:42-2).

Rule 4:49-2 expressly requires the movant to include "a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." We have construed the Rule to mean the movant must demonstrate the court has based its decision on a "'palpably incorrect or irrational basis'" or when it is clear that the court failed to consider or appreciate significant evidence. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Citing our decision in Cummings, the MCAJ incorrectly held plaintiff to the more stringent standard required for relief from final judgments.

Nonetheless, under either standard, plaintiff has failed to demonstrate the BCAJ wrongfully denied her application to conduct discovery. Unlike the conflict-of-interest cases cited by plaintiff, defense counsel did not preside over this matter at any point. As one notable example, unlike the trial judge in State v. Kettles, 345 N.J. Super. 466, 467 (App. Div. 2001), who had sought an indictment against the defendant when the judge was an assistant prosecutor, defense counsel in the present matter did not preside over this matter. His participation was limited to the filing of the answer, attendance at preliminary

hearings, and requests for two adjournments on the motion for discovery. Defense counsel did not, however, appear at the return date for the motion. And as the BCAJ accurately stated, plaintiff was aware of defense counsel's appointment as presiding municipal court judge for two months prior to the return date and did not raise the issue "until the court gave a negative ruling."

To the extent not specifically addressed, any remaining contentions lack sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION